SAVANNAH, FLORIDA & WESTERN RAILWAY CO. *v.* WALL.

1. Although the declaration does contain some loose allegations that the plaintiff was injured by the negligence of the employees of the defendant railway company in certain specified respects, it shows clearly by other allegations that this negligence was not the real cause of the injury; and the true meaning of the declaration, taking together all of its averments and fairly construing them, is that the negligence which did cause the injury was that of a flagman in ordering the plaintiff to alight from a moving train in the dark at an unsafe place. This being the plaintiff's real cause of action, if he had any at all, and the declaration failing to allege that this flagman had any authority to give such order, or that the giving of it was within the scope of his duties, or that he gave it by direction of the conductor, no cause of action was set forth; and there having been no offer to amend the declaration, the demurrer to the same should have been sustained.

2. Even if the evidence introduced upon the trial was sufficient to show that the flagman, under instructions from the conductor, in fact had authority to see to the plaintiff's alighting from the train, and accordingly to give him the order to do so, and even if the giving of the order was, under all the circumstances, negligence, the verdict cannot stand. The declaration not setting forth a complete cause of action, the trial and its results were mere nullities.

June 10, 1895. ATKINSON, J., disqualified and not presiding.

Action for damages. Before Judge SWEAT. Ware superior court. April term, 1894.

ERWIN, DUBIGNON & CHISHOLM and S. W. HITCH, for plaintiff in error.

L. A. WILSON, by HARRISON & PEEPLES, *contra.*

SIMMONS, Chief Justice.

The action was for damages from personal injuries sustained by the plaintiff in alighting from a train on the defendant's railroad. It appears from the declaration, that he was a passenger on the train, and had given notice to the conductor that he wished to get off at a certain station; but the train on reaching the station ran by the regular stopping-place without stopping, and while it was still in motion a flagman in the employment of the defendant told the plaintiff to come upon the platform of the passenger-car and to get off, as the speed was sufficiently slackened to allow him to get off safely. He did so, but in getting off fell against rails running at right angles with the track, and received the injuries complained of. The declaration alleges that the injuries were sustained by reason of the negligence of the defendant's employees "in not stopping at the regular place to discharge passengers, and by reason of the negligence in allowing the said rails to remain so near the track of the main line, and by reason of the negligence of the said servants in ordering petitioner to alight from said train at the time and place they did, it being dark and petitioner being inexperienced in the running and operating of trains." The defendant demurred generally to the declaration; the court overruled the demurrer, and to this ruling the defendant excepted.

1. We think the court erred in not sustaining the demurrer. Taking all the averments of the declaration together and fairly construing them, the negligence which caused the injury was that of the flagman in di-

recting the plaintiff to alight from the train in the dark and at an unsafe place. There is no allegation, however, that the flagman had any authority to give such a direction, or that the giving of it was within the scope of his duties, or that he gave it by direction of the conductor. A master is liable for the acts of his servant only when the servant is acting in the course of his employment. Ordinarily the conductor is the person in charge of the train, and it is not a part of the regular duties of a flagman to direct passengers as to when and where they shall alight from the train. It appears that the conductor did say to the flagman that there were two persons who were to get off at the station, and that he asked the flagman to signal the engine with a lighted lantern; but so far as appears from the declaration, no further instruction was given by the conductor, and the flagman in directing the plaintiff to get off acted wholly on his own responsibility and without the knowledge or sanction of the conductor or any other officer or agent of the defendant. The case differs essentially from that of *Central Railroad* v. *Smith,* 69 *Ga.* 268, relied on by counsel for the defendant in error. There the declaration alleged injuries to the plaintiff caused by the negligence of the defendant's "agents," without specifying who the agents were; and this was held to be good as against a general demurrer. In the present case the declaration contains allegations that the plaintiff was injured by certain acts of negligence on the part of the defendant's employees, but, as we have seen, the act of negligence which the declaration shows to be the real cause of the injury was that of a certain designated employee; and this employee being a flagman, not presumptively charged with the duty of seeing to the disembarking of passengers, the declaration ought to have alleged that his directing the plaintiff to get off was within the scope of his duties, or that on this particular occasion it was made his duty

by the conductor's order. In the absence of such an allegation, the declaration failed to set forth a cause of action.

2. Even if the evidence introduced on the trial was sufficient to show that the flagman, under instructions from the conductor, in fact had authority to see to the plaintiff's alighting from the train, and accordingly to direct him to do so, and even if the conduct of the flagman was, under all the circumstances, negligence, the verdict cannot stand. The declaration not setting forth a complete cause of action, the trial and its results were mere nullities.　　　　　　　　*Judgment reversed.*