## SMITH *v.* SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY.

*Simmons, C. J.*—There being evidence to show that the plaintiff's child was wantonly pushed from a car forming a part of a moving train of the defendant and seriously injured, and also evidence from which it could have been inferred that the person by whom the child was pushed from the car was at the time in the employment and service of the defendant on that train, the case should have been submitted to the jury. Though the child may have been a trespasser, the company was, under section 2321 of the Civil Code, liable for the injuries he sustained, if they were caused by the wilful act of its employee upon the train; and this is so whether ejecting trespassers therefrom was or was not within the scope of this employee's duties thereon. *Judgment reversed.*

Argued November 30,—Decided December 17, 1896.

Action for damages. Before Judge Sweat. Ware superior court. April term, 1896.

*G. J. Holton & Son* and *Symnmes & Bennet,* for plaintiff.
*Erwin, duBignon & Chisholm* and *S. W Hitch,* for defendant.

---

## BRUNSWICK & WESTERN RAILROAD COMPANY *v.* BOSTWICK.

*Simmons, C. J.*—A passenger injured by being unlawfully and forcibly thrown from a moving train by an employee of the railroad company in its service on that train, is entitled to maintain an action against the company, although it was not within the line of this employee's business to eject from such train persons not rightfully thereon. *Judgment affirmed.*

Argued December 1,—Decided December 17, 1896.

Action for damages. Before Judge Atkinson. City court of Brunswick. May term, 1896.

*Goodyear & Kay,* for plaintiff in error.
*Bacon, Miller & Brunson* and *Johnson & Krauss,* contra.