## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* GODKIN, by next friend.

1. The wanton, wilful, and forcible expulsion of a person from a freight-train in rapid motion, by an employee of a railroad company engaged in its service on such train, from which personal injuries result to the party thus expelled, will give him a right of action against the company, whether he be on such train lawfully or unlawfully.

2. In such a suit it is not error to give in charge to the jury section 2321 of the Civil Code.

3. Even if there was no evidence tending to show contributory negligence on the part of plaintiff, a charge on this subject could work no harm to the defendant company.

4. Where, pending a motion for new trial by the defendant to set aside a verdict for damages consequent upon personal injuries received by the plaintiff, the latter by his counsel voluntarily, and without any suggestion from the court, reduced the verdict by writing off therefrom a certain sum, and the trial judge subsequently overruled the motion, but it does not appear that his refusal of a new trial was influenced by such reduction of the verdict; and where this court can not say that the verdict as originally rendered by the jury was so excessive as to lead the court to suspect bias or prejudice on the part of the jury, the judgment of the court refusing a new trial will not be reversed on account of such voluntary reduction of the verdict.

5. The newly discovered evidence set forth in the record being entirely of an impeaching character, the discretion of the trial judge in refusing a new trial on this ground will not be disturbed.

6. The charge of the court fairly presented to the jury the law of the case. The evidence was conflicting, and that for the plaintiff being sufficient to sustain the verdict, this court will not interfere with the discretion of the trial judge in overruling the motion for a new trial.

Argued April 30, — Decided May 27, 1898.

Action for damages.    Before Judge Sweat.    Ware superior court.    November term, 1897. .

*Erwin, duBignon, Chisholm & Clay, S. W. Hitch* and *W. B. Stephens,* for plaintiff in error.

*VanEpps & Leftwich* and *Leon A. Wilson,* contra.

LEWIS, J.    Godkin, a minor, by his next friend, brought suit against the railroad company for personal injuries sustained, alleging in substance as follows:    While descending from the top of a car of a moving freight-train, after a brakeman connected with the train had directed him to leave, he fell and his arm was so mangled by the train, which was moving at the rate of 25 miles an hour, that it had to be amputated.    He was on the train with the knowledge, and by the invitation of the conductor in charge of it; he so informed the brakeman, and told the brakeman that the train was going too fast for him to get off; but the brakeman approached him with a long stick in his hand, and in a threatening manner compelled him to descend the ladder at the side of the car, and as he was descending, a jerk of the car threw him under the wheels.    He further alleged that his injuries resulted wholly from the wrongful and unlawful acts of the defendant, as stated; that the conduct of the defendant, its agents and servants, was unlawful, wanton and wilful, and that by reason of the circumstances attending the wanton and unlawful conduct of the defendant, its agents and servants, it was liable to him for punitive damages, $5,000, in addition to actual damages, $25,000.    Plaintiff's testimony substantially made out the case presented by his petition, and in his evidence he stated that he was 15 years of age at the time he was injured.    He also testified as to his earning capacity being $30 per month.    The conductor and brakeman directly contradicted the facts testified to by the plaintiff, and testified that he was on the train without permission, and as a mere trespasser; and that he was injured without the knowledge of defendant's agents by endeavoring voluntarily to leave the moving train just before it reached the depot at Waycross. There was further testimony in behalf of the defendant, showing statements made by the plaintiff after his injury, contra-

dictory to what he testified to on the stand.    There was a verdict for plaintiff for $10,000, and defendant made a motion for a new trial on several grounds, reference to which will be made in the opinion following.    After hearing the motion, and before any decision thereon had been rendered, plaintiff's attorneys voluntarily wrote off from the verdict $2,500.    Subsequently the court overruled the motion for a new trial, and the defendant excepted.

1. At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit.    If there ever was any doubt in the minds of this court as to the soundness of the proposition embodied in the first headnote, it was settled in the case of *Higgins* v. *Southern Ry. Co.*, 98 *Ga.* 751.    Counsel for plaintiff in error contended that the motion should have been granted, because the evidence of the defendant in error, when his case was rested, did not show that the train by which he was injured was a passenger-train, but that it was a freight-train.    In the case above cited, the plaintiff was forcibly expelled from a moving freight-train, and it was held that a right of action would lie against the company, although he may have been a trespasser upon such train.    It was further contended in behalf of the defendant in error, that this principle did not apply in a case of this sort where the party was ejected by an employee who was not acting within the scope of his employment, it not appearing that the train-hand or brakeman had anything to do with ejecting passengers or trespassers from the train.    In the case of *Smith* v. *S., F. & W. Ry. Co.*, and *B. & W. R. Co.* v. *Bostwick* 100 *Ga.* 96, it was held by this court, that such an action would lie against the company although the wrongful act was committed by an employee whose business did not relate to ejecting from such train persons not rightfully thereon.

2, 3. Plaintiff in error excepts, in the motion for a new trial, to certain charges of the court, which were simply quotations of sections 2321 and 2322 of the Civil Code.    It was contended that these sections were not applicable, as the question of ordinary and reasonable care and diligence on the part of the defendant, or of contributory negligence on the part of the plaintiff, was not involved.    If the plaintiff's contention was

correct, the company was not only guilty of a want of ordinary and reasonable care and diligence, but of the grossest sort of negligence.    It was held in the case of *Smith* v. *S., F. & W. Ry. Co.*, above cited, that an action for such a wilful tort could be had by virtue of the provisions of this section of the code (§ 2321).    The court was, therefore, clearly right in giving this section in charge as the law pertinent to the issues involved.    As to the other section (§ 2322), even if the evidence did not authorize any charge upon the subject of contributory negligence, we can not see how this charge could possibly have been harmful to the defendant company.

4. The railroad company assigns error in its bill of exceptions upon the order and judgment of the court allowing plaintiff to write $2,500 off the verdict, in that the undue prejudice, passion, bias and partiality of the jury, manifested by the excessiveness of the verdict rendered, taints their finding upon each and every issue in the case, and can not be cured in that manner; the company contending that, in a case of this character, there is no criterion by which the plaintiff or the court can estimate the proper amount of damages, and plaintiff had no right, and the court had no power, to allow the verdict to be reduced by writing off a portion thereof.    The Supreme Courts of some other States of the Union, have held that where general damages have been recovered by the plaintiff for personal injuries, it is in the discretion of the trial judge, should he deem the finding excessive, to refuse a new trial upon condition that the verdict be reduced to such an amount as in his judgment, under the facts and circumstances of the case, would not be excessive.    3 Graham & Waterman on New Trials, p. 1163, et seq.; 16 Am. & Eng. Enc. L. 593; McBride *v.* Daniels, 92 Pa. St. 332; Branch *v.* Bass, 5 Sneed (Tenn.), 366; Reddon *v.* Union Pac. R. Co. 15 Pac. Rep. 262.    (See also other cases cited in note 2.)    But this court has not gone to that extent; the rule in this State being, that where general damages have been recovered for a personal tort, if they be so excessive as to lead the court to suspect bias or prejudice, the judge has no power to require a portion of the damages written off, and thereupon refuse a new trial; otherwise where the damages claimed are

special, and from the testimony can with some accuracy be computed in dollars and cents, as in cases of tortious homicides. *S., F. & W. Ry. Co.* v. *Harper,* 70 *Ga.* 119; *Carlisle* v. *Callahan,* 78 *Ga.* 320; *Central R. R.* v. *Crosby,* 74 *Ga.* 737; *Brunswick Light Co.* v. *Gale,* 91 *Ga.* 813. But the case we are now considering does not fall within any of the rulings above cited. It does not appear from the record that a new trial was refused in this case because of the voluntary action on the part of the plaintiff in writing off a portion of his verdict. Nor can we gather from the record that the trial judge was of the opinion that the verdict as rendered by the jury was so excessive as to lead to the inference that it was influenced by bias, prejudice, or passion. If the plaintiff told the truth in his testimony, this was a most outrageous and aggravated tort, resulting not only in great pain and suffering, but in the loss of an arm, and thus in the infliction of a seriously maimed condition for life. In addition to compensatory damages for these injuries, the tort was of such a character as to render the defendant liable for punitive damages, to deter the wrong-doer from repeating the trespass, and to compensate the plaintiff for his wounded feelings. What court can say, in the light of the facts as revealed by the plaintiff, if true, that a verdict for $10,000 was excessive? We do not mean to say that we would interfere with the discretion of the trial judge in setting aside the verdict on account of this amount being excessive in this particular case, but simply to say that the record does not authorize us to hold that he had reached such a conclusion before overruling the motion for a new trial. The voluntary reduction of the verdict by plaintiff's counsel, whether they had a right to take such action or not, is not a matter of which the defendant can complain.

5. Upon an examination of the newly discovered evidence embraced in the motion for a new trial, we discover that, in so far as any of it is admissible, it is entirely of an impeaching nature. Under the repeated rulings of this court, the discretion of the trial judge in overruling the motion on this account will not be controlled.

6. There were other grounds in the motion for a new trial, which were without merit. The charge of the court was full

and complete, and fairly covered all the issues in the case. The evidence is conflicting; and while the record impresses us with the fact that a decided preponderance of the testimony was in favor of the defendant below, yet the jury is the tribunal constituted by the constitution and laws of the land to pass upon issues of fact. The law imposes upon the trial judge the discretion to set aside their verdict, should, in his judgment, the ends of justice require a new trial. But when the jury have spoken, and the judge has refused to interfere with their finding because the verdict was contrary to evidence, this court, under its repeated rulings, and under the view it takes of its constitutional powers, will not reverse the judgment below on such ground where there is any evidence to sustain the verdict.

*Judgment affirmed. All the Justices concurring.*