## McIVER *v.* FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY.

1. Though the plaintiff in a suit which had been properly removed from a State to a Federal court having concurrent jurisdiction of the cause of action on which the suit was founded was nonsuited, or voluntarily dismissed his case in the United States court, it was nevertheless his right to bring another suit on the same cause of action in the State court at any time within the statute of limitations applicable to such an action.   The above is true notwithstanding in the second suit the damages were laid in an amount which would prevent another removal to the Federal court.
2. The petition set forth a cause of action as against the demurrer filed to the same.

SIMMONS, C. J., and LITTLE, J., dissenting.   When a suit is commenced in a State court and removed to a Federal court under the law of Congress, not only the case but the cause of action is removed, and, after dismissal or nonsuit in the Federal court, it can not be renewed in the State court for the same cause of action, though the damages are laid in an amount of which the Federal court has no jurisdiction.

Argued November 10, 1899.—Decided January 31, 1900.

Action for damages.   Before Judge Atkinson.   City court of Brunswick.   February term, 1899.

*Garrard, Meldrim & Newman* and *D. W. Krauss,* for plaintiff.   *Crovatt & Whitfield,* for defendant.

COBB, J.   Priscilla McIver brought an action against the Florida Central & Peninsular Railroad Company, alleging in her petition, which was filed on January 17, 1899, in substance as follows: The defendant, a railroad corporation, damaged her in the sum of $1,999, in that on July 17, 1897, her minor son with a companion had, with the consent of a negro train-hand, boarded a freight-train of defendant to go from one station on the road of defendant to another.   They paid to a train-hand the sum of ninety cents as fare, the latter agreeing to see the conductor in reference to the matter.   Her son and his compan-

ion first went into a box-car and afterwards left the same and got on a flat car.   While on the latter car and the train was in rapid motion a white man having on the uniform usually worn by the employees of the company, "who petitioner believes and charges was the conductor in charge of the train, together with two negro train-hands, one of whom was the party to whom" the ninety cents had been paid, came upon the flat car and demanded to know where they were going, to which a reply was made that they had paid their fare to one of the train-hands present.   One of the train-hands asked if they had any money, to which a reply was made that they had; whereupon he demanded the same, and upon the refusal of the companion of petitioner's son to deliver the money the train-hand attempted to take the same, and "did then and there brutally, cruelly, and inhumanly assault and beat your petitioner's said son, and did then and there force and hurl him from said rapidly moving car and train, thereby instantly causing his death."   The injuries resulting in the death of her son were inflicted by the "defendant, its agents, servants, and employees."   At the time of the death of her son he was seventeen years of age and had been earning one dollar per day.   He was unmarried, left no wife or child, and petitioner was dependent upon him and he contributed to her support.   One of the paragraphs of the petition was as follows: "Your petitioner further shows that at the May term, 1898, of the city court of Brunswick, in and for said county, she instituted her suit against the said defendant company for the homicide of her said son, which suit was subsequently removed to the United States circuit court for the eastern division of the southern district of Georgia, when, on the 16th day of January, 1899, and during the November term, 1898, of the said circuit court, after the evidence for the plaintiff in said case had been concluded, upon her motion the said case of your petitioner was discontinued and dismissed from said court; and the plaintiff now, within less than two years from the accruing of said cause of action, comes and reinstitutes her said case against said defendant in conformity with law."   To the petition the defendant filed a demurrer, which was, in substance, as follows: (1) The injuries alleged do not appear to

have been caused by defendant or any one acting with its permission or under its command, or in its behalf, within the scope of the duty imposed upon such person. (2) It does not appear that the relation of passenger and carrier existed between plaintiff's son and defendant. (3) It appears that plaintiff's son was engaged with his companion in an undertaking to violate the rules of the defendant and defraud it of its revenue. (4) It appears that the train was a freight-train and not a passenger-train, and it is not alleged that such train was accustomed or authorized to carry passengers. (5) It appearing that another suit on the same cause of action had been brought in the city court of Brunswick, in which the damages were laid at $10,000, and removed to the United States court and there discontinued and dismissed, the city court of Brunswick has no jurisdiction to entertain the present suit, and the laying of damages in this suit at $1,999 is an attempt to deprive the United States court of a case solely within its jurisdiction by virtue of the removal referred to. The demurrer was sustained, and the plaintiff excepted.

1. The last ground of the demurrer will be first dealt with. When one brings an action in a court having jurisdiction to determine the same and is nonsuited, or voluntarily dismisses the case, such nonsuit or dismissal does not determine in any way the merits of the controversy; and as a general rule the plaintiff may, if not barred by the statute of limitations, institute a similar suit in the same court or in any other court having jurisdiction of the action; or he may adopt a different remedy appropriate to the cause of action, and enforce it in the court in which the first suit was brought or in any other court having jurisdiction to enforce the same. In the language of one writer, a nonsuit "is but like the blowing out of a candle, which a man at his own pleasure may light again." 1 Freeman, Judg. 261, citing March on Arbitraments, 215. See also 3 Black. Com. 296; Bucher v. Cheshire Railroad Company, 125 U. S. 555; Homer v. Brown, 16 How. 354, 365; *Smith* v. *Floyd County,* 85 *Ga.* 420; *Phipps* v. *Alford,* 95 *Ga.* 215; Civil Code, § 5043. The question raised by the ground of the demurrer now under consideration is, whether the removal of a case to a Federal court from

a State court which has concurrent jurisdiction of the same, and the entering of a judgment of nonsuit or the allowance of a voluntary dismissal in the former court, prevents the bringing of another suit on the same cause of action in the State court, when at the date the latter suit is filed the cause of action is not barred by the statute of limitations. An action brought in a court of this State and there nonsuited or voluntarily dismissed or discontinued by the plaintiff may be renewed in any court having jurisdiction of the cause of action, upon payment of costs. Civil Code, § 5043. If the cause of action was not barred by the statute of limitations when the suit was originally brought, the action may be recommenced at any time within six months after the dismissal or nonsuit, notwithstanding it may have become barred while the first suit was pending. Civil Code, § 3786. The city court of Brunswick and the Federal court had concurrent jurisdiction of the cause of action on which the first suit was founded, the damages being laid at $10,000. The suit was originally brought in the former and regularly and lawfully removed to the latter court, and there voluntarily dismissed by the plaintiff. The plaintiff then sought to bring another suit, in which the damages were laid at $1,999, on the same cause of action, in the city court. If the cause of action was barred by the statute of limitations at the time such new suit was filed, then the case would have been properly dismissed, as it has been held by this court that when a case has been removed to the Federal court, although there may be no adjudication in the Federal court on the cause of action, if the same becomes barred while the case is pending in the latter court, the action can not be renewed in the State court within six months, under the provisions of the section above quoted. *Cox* v. *Railroad Company,* 68 *Ga.* 446. The same is true where the suit was originally brought in the Federal court. *Constitution Pub. Co.* v. *De-Laughter,* 95 *Ga.* 17. There is certainly nothing in either of the cases just cited to call for a ruling that no action could ever be brought in the State court merely because of the removal of the former suit to the Federal court, if the cause of action is not barred by the statute of limitations. The only point necessary to be decided in the *Cox* case was, whether the law con-

tained in the section of the code above cited had any application
to a case removed to the Federal court. In that case the suit
had been brought in a State court and had been properly re-
moved to the Federal court, and while there a period of time
had elapsed which would have the effect of barring the plaintiff
from bringing another suit based on the same cause of action.
It was held that the case could not be recommenced in the State
court, as the six months statute above referred to did not pre-
vent the bar of the statute of limitations from attaching to a
cause of action removed to the Federal court. There is some
language, both in the headnote and in the opinion, which would
seem to indicate that the case could not have been recommenced
in the State Court, notwithstanding it was not barred by the
statute of limitations; but such language went farther than the
facts of the case justified, and what is thus said is not binding
as authority. The last sentence of the first headnote, that
" Section 2932 of the Code (Civil Code, § 3786) does not apply
to such a case," is significant as indicating the real question
involved in that case. Moreover, the court passed upon the
merits of the case and held that the plaintiff failed to make out
his case. The case might well, therefore, have been put upon
that ground. The case of Kern v. Huidekoper, 103 U. S. (13
Otto) 485, cited in the opinion in the Cox case, does not decide
the question presented by the present record. All there ruled
(and there are a number of other rulings of that court to the
same effect) is, that when a case has been removed from a State
court to a Federal court, any action taken by the State court
*while the case is pending in the Federal court* is coram non ju-
dice and void. We do not for a moment question the correct-
ness of these decisions. When a case has been removed from a
State court to the Federal court, the latter court certainly has
complete and exclusive jurisdiction of that particular case.
The State court is ousted of all jurisdiction over the action, and
any action taken by it after such removal would of course be
void. If the Supreme Court of the United States has ever
ruled that a case which has been nonsuited or disposed of in the
Federal court without a decision upon the merits can not be re-
commenced in a State court of concurrent jurisdiction, if per-

mitted by the statutes of the State, we have, after a most diligent search, been unable to find it. The Supreme Court of Ohio, in the case of Baltimore Railroad Company *v.* Fulton, 53 N. E. 265, which is cited on the brief of counsel for defendant in error, has made a direct ruling upon the question now under consideration. That case is, so far as we can ascertain, sui generis. The case of *Cox* v. *Railroad Company,* 68 *Ga.* 446, is cited to sustain the view therein expressed, but we think the Ohio court has entirely misapprehended the ruling in that case. A writer in the law magazine, "Case and Comment," of July, 1899, has this to say in reference to the Ohio case and the *Cox* case: "The right to bring a new action in a State court after dismissal of a prior action on the same demand by a Federal court, into which the cause had been taken by removal, is denied by the Ohio Supreme Court, in the case of Baltimore & O. R. Co. *v.* Fulton, 53 N. E. 265. This court declares that the jurisdiction of the Federal court in case of removal extends to 'any former suit thereafter brought on the identical cause of action after the former suit has been dismissed by it until the cause of action has been extinguished by a judgment on the merits.' The case of *Cox* v. *East Tennessee, V. & G. R. Co.,* 68 *Ga.* 446, is cited as a precedent; but that was a materially different case, in which the decision was that, after nonsuit in a Federal court, a renewal of the action in the State court was not a part of the original case, or 'on the same footing with it' with respect to the statute of limitations. The possibility that a plaintiff might improperly permit the dismissal of a cause after removal, for the purpose of beginning again in the State court, and thus compel the defendant to remove the cause again or else submit to the State court, is one ground of the Ohio decision. But the unnecessary trouble caused to a defendant by dismissing an action and suing anew is not confined to cases that have been removed from a State court. It does not in other cases prevent the plaintiff from commencing a new action after dismissing the former one, and the difference in respect to actions removed into a Federal court is only in degree. The distinction between reinstatement of an action and the bringing of a new action does not seem to have been much considered in this case.

Because a case can be reinstated only by the court that dismissed it, it is said that, ' by parity of reasoning,' a State court can not pass on the right of the plaintiff to recommence an action after it has been dismissed by a Federal court.   But commencement of a new action, although for the same cause, is not a reinstatement, but a distinct and independent case.   Exclusive jurisdiction of an action is a very different thing from exclusive jurisdiction of all possible actions for the same cause.   An election to bring an action in one of two courts of concurrent jurisdiction is not usually irrevocable.   After dismissal of the first one the plaintiff has the same choice between the courts that he had originally.   There seems to be no reason why this should not apply where the concurrent jurisdiction is in State and Federal courts.   If bringing an action originally in the Federal court does not give it such exclusive jurisdiction of the entire cause of action as to prevent bringing any action therefor in a State court after the Federal suit is dismissed, why should this be the result of removing a suit from a State court into a Federal court?   In either case it is difficult to see why, after an action has been dismissed without prejudice to the right to bring a new action, the plaintiff has not the same election that he had in the beginning with respect to jurisdiction."

The writer of the above-quoted article thoroughly apprehends the true relation of the *Cox* case to the question now under discussion, and his reasoning not only demonstrates the correctness of the conclusion reached by us, but also that there is nothing in the *Cox* case really in conflict with the present ruling, and that the Ohio case is not based upon sound reasoning.   There being no authority which would bind this court on the question under consideration, the case should rest solely upon principle. If an action had been brought in one of the courts of this State and there nonsuited or voluntarily dismissed or discontinued by the plaintiff, no one would contend that it might not be recommenced within due time in the same court or in another court of this State having concurrent jurisdiction of the action.   If a suit has been begun in the Federal court and there nonsuited or discontinued, another suit on the same cause of action could certainly be brought in a State court having jurisdiction of such an

action. The superior and city courts of this State are courts of concurrent jurisdiction with the circuit court of the United States of the district embracing the county where such superior or city courts are located, as to certain cases; and there is no good reason why the rule applicable to State courts should not apply merely because one is a State and the other a Federal court. The act of Congress provides that certain cases may be removed from the State court to the Federal court, but this does not mean that the cause of action is removed. The act refers in terms to suit and not cause of action. Until the State court is absolutely deprived of jurisdiction of a particular cause of action, it may take jurisdiction of and pass upon the same, with the exception above noted, that when the Federal court has taken jurisdiction the State court can not take any action in connection with the same so long as the cause is' pending in the Federal court. But when that court denies to the plaintiff a hearing, or fails for any reason to pass upon the sufficiency of his cause of action, he may bring the same again in the State court and invoke an adjudication of that court. And the fact that the new suit is for an amount which will prevent another removal to the Federal court will not invalidate the suit. If the plaintiff in the new suit voluntarily abandon a portion of his claim for damages, it does not seem that the defendant should complain. The policy of the laws of the United States is to compel persons having claims of small amounts to litigate in the State courts, and voluntarily giving up a portion of his claim for damages and being content to accept a sum less than the Federal court would entertain jurisdiction of would not seem to be contrary to the laws of the United States and its established public policy in reference to the jurisdiction of its courts. The court had jurisdiction of the cause, and the ground of the demurrer raising objection to the jurisdiction was not well taken. See, in this connection, Willson *v.* Milliken, 42 L. R. A., and notes on page 459.

2. The petition set forth a cause of action as against the demurrer filed to the same. The petition in effect alleged that one of the train-hands, in the presence of the conductor and impliedly with his consent, attempted to commit a robbery upon the

companion of the plaintiff's son, and while so engaged did hurl plaintiff's son from a rapidly moving train, from which he received injuries causing his death. Under such circumstances the defendant would be liable whether the plaintiff's son was upon the train lawfully or unlawfully, and without regard to what was the character of the train. See *Higgins* v. *Southern Railway Company*, 98 *Ga.* 751; *Smith* v. *S., F. & W. Ry. Co.*, 100 *Ga.* 96; *S., F. & W. Ry. Co.* v. *Godkin*, 104 *Ga.* 655, and cases cited.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., and Little, J., who dissent.*

LITTLE, J. I can not concur in the ruling made in this case by a majority of the court. In my opinion, when a suit is commenced in a State court and removed to the Federal court under the law of Congress, not only the actual case pending, but the cause of action upon which it is founded, is also removed, and, after dismissal or nonsuit in the Federal court, another suit on the same cause of action can not be entertained by the State court, although in the second action the damages are laid in an amount less than the limit fixed by the act of Congress to entitle a defendant to removal when there is diverse citizenship. As was said by Mr. Justice McLean in the case of Gordon v. Longest, 41 U. S. 97, " One great object in the establishment of the courts of the United States, and regulating their jurisdiction, was to have a tribunal in each State, presumed to be free from local influence "; and it was doubtless the purpose of Congress in providing for the removal, by a non-resident defendant, of a case brought against him in a State court, to protect such non-resident in the trial of his case from the local influence which might exist in favor of the resident plaintiff in the State court. This purpose would be entirely defeated if, after a plaintiff has instituted an action to recover damages for an injury which she claims to have sustained by reason of the wrongful act of the non-resident defendant, as in this case, and has named a particular amount as the proper measure of her damage, and, exercising the right conferred by the Congress, the defendant by lawful proceedings stays the jurisdiction of the State court and brings the action before the Federal court for determination, and when that case ·

has been dismissed in the Federal court, the plaintiff may again bring and maintain her action against the same defendant .for the same causes for which she first complained in the State court, by arbitrarily fixing her damages in the second suit at a less amount, so as to place the last case brought out of the jurisdiction of the Federal court. The amount involved in the controversy is, under the act of Congress, an incident. Congress had for its object in providing for the removal of causes the better protection of aliens and non-residents. The State court would be no less competent to deal with a cause involving twenty-one hundred dollars, than it would be to deal with a cause involving nineteen hundred dollars. While the right of removal exists only in a case where the sum involved is not less than that named in the statute, yet the consideration which moved the minds of the lawmakers to authorize the removal rested in the purpose to provide a trial free from local influence which it was thought might be prejudicial to the defendant's cause, and not on the particular amount involved, except in so far as the importance of the case to the defendant was concerned. In other words, the prerequisite to removal that a case should involve not less than two thousand dollars was required, because of the intention to limit such removal to cases which were deemed particularly important on account of the amount involved. As to those cases not deemed particularly important, the right of removal on account of diverse citizenship was not granted. Hence, in our opinion, the amount involved in a suit is to be considered only with reference to the question whether it may be removed. If it has once been removed, that cause, that controversy, stays removed. When it is taken out of the jurisdiction of the State court, that same cause between the parties can not be assumed by it — not because of the amount involved, but because, being a case which was authorized by law to be removed as originally brought, the removal .has the effect of vesting jurisdiction of that cause, in all its phases, in the Federal court, which can alone finally adjudicate the controversy existing between the parties on the issues made by the pleadings.

In Kern v. Huidekoper, 103 U. S. 485, it was said: " The

suit and the subject-matter of the suit are both transferred to the Federal court by the same act of removal," etc. In my opinion, the right of a plaintiff, after the removal of a case has been legally effected, to renew the action in the State court after a dismissal in the Federal court, is not an open question in this State. It was ruled by this court in the case of *Cox* v. *E. T., V. & G. R. R. Co.*, 68 *Ga.* 446, that when a case has been removed from a State court to the circuit court of the United States, the jurisdiction of the former ceases, and after nonsuit in the Federal court, the case can not be renewed in the State court within six months, so as to avoid the statute of limitations. By a provision of our State law, a case which has been dismissed may within six months be renewed, and the statute of limitations can only be made to apply to time and the date at which the first suit was begun, in determining the question whether the last suit is barred by the lapse of time. The plaintiff in the *Cox* case, supra, sought to make this rule apply to the renewal of his case in the State court from which it had been originally removed to the Federal court, and he was there nonsuited. In delivering the opinion of the court, Chief Justice Jackson said that "the act of removal ipso facto transfers the jurisdiction of the cause to the circuit court of the United States, and divests that of the State court. . . Therefore, when it appeared that the plaintiff himself proved, in order to take his case without the statute of limitations, that it had been removed and adjudicated by the United States court, he removed himself out of court, and was properly nonsuited." It is said in the opinion of the majority that the exact question under discussion was not involved, and that the language used by the Chief Justice was obiter dicta. On the contrary, I conceive the case affords a direct ruling on the question involved. The point in question has also been expressly decided by the Supreme Court of Ohio in the case of Baltimore & Ohio R. R. Co. *v.* Fulton, reported in the 53 N. E. Rep. 265. That court ruled the question in the following language: "Where a case that may be is duly removed from a State to a Federal court, the jurisdiction of the State court over the cause at once ceases, and it can take no further step therein; and if thereafter the case is disposed of in the Federal court

otherwise than on the merits, the plaintiff can not recommence the action in the State court, although under like circumstances he might have done so had the cause not been removed." The reasoning of the court seems to me not only to be sound, but conclusive. It is based on the proposition that the Federal court, having acquired jurisdiction of the action by its removal from the State court, must, on principle and the reason of the statute, retain it for all purposes — for the purpose of determining whether it should be reinstated, or recommenced after it had been dismissed, or stricken from its docket, as well as for its determination on the merits. It was also stated, in the opinion rendered in the case, that the jurisdiction of the Federal court " in such cases does not merely embrace the suit brought and removed, but any suit thereafter brought on the identical cause of action after a former suit has been dismissed by it until the cause of action has been extinguished by a judgment on the merits."

The Chief Justice agrees with the views above expressed, and we both think that the judgment of the court below should have been affirmed.