188. CHARLESTON AND WESTERN CAROLINA RAIL-
WAY COMPANY *v.* JOHNSON.

1. The only duty owed by a railway company to a trespasser upon its property is not to injure him wantonly or wilfully. A failure to exercise ordinary care to prevent injuring him, after his presence in a position of peril becomes known, is usually so much akin to wilfulness or wantonness as to create liability.

2. The fundamental duty owed to an infant trespasser of tender years is not different from that due to an adult; but in determining whether a course of conduct may or may not be wilful or wanton as against a child, due consideration must be given to the well-known indiscretions of childhood and the limited ability of young persons to take adequate means to avoid danger and to escape peril.

3. The petition was good as against the general demurrer; and since, as amended, it set up the cause of action with sufficient fullness and certainty to enable the defendant to understand definitely the exact nature of the transaction alleged and of the liability asserted, it was not erroneous to overrule the special demurrers.

Action for damages, from city court of Richmond county— Judge Eve. January 5, 1907.

Argued February 27,—Decided March 11, 1907.

*W. K. Miller,* for plaintiff in error.  *H. C. Roney,* contra.

POWELL, J.   The allegations of the petition as amended may be briefly stated as follows: The plaintiff, a negro boy eleven years of age, of average intelligence, with several companions of similar age, was standing near the track where a railroad crew were engaged in switching a freight-train. The switchman told them that if they would turn the switch for him they might ride on one of the cars. They turned the switch and then got upon an oil-tank car and perched themselves along the narrow margin left between the tank and the edge of the car. After backing a considerable distance the engineer suddenly "reversed" the locomotive, producing

a violent jerk and jolt of the car, whereby the plaintiff was thrown off the car and run over, his legs being thereby cut off. It is alleged, that the engineer saw the boys riding on the car in the position described, and that he knew that this position was one of great peril, and knew that an ordinary jerk or jolt of the car would throw them from the same; while the plaintiff, on account of his tender years, was not aware of the danger. A general demurrer and a large number of special demurrers were filed, but after the petition was finally completed by amendment, the court overruled the demurrers; and the defendant excepts.

1. Railway companies and others are liable to a trespasser for wilful and wanton injuries done him. They are likewise liable where the injury is inflicted by their failure to use ordinary care to prevent doing injury to such trespasser after they discover that he is in a position of peril. The elemental concept, in cases of trespassers, is of a liability only for wanton or wilful injury; but the line of demarcation between wilfulness or wantonness and the failure to use ordinary care to prevent injuring a person in obvious peril is so inappreciable as to become merely a distinction without a difference. To fail to exercise ordinary care to prevent injuring a person whose peril is seen and known is almost necessarily wilful or wanton. Any man who is not wanton in disposition or who does not wilfully intend to injure another will exercise his customary degree of care to prevent the act he may happen to be doing from injuring one whom he sees or knows to be imperiled by that act. Just so, the law's model of what men ought to be,—the ordinarily prudent man,—unless he be actuated by wantonness or by a wilful intention to do harm on the particular occasion, will use ordinary care and diligence to prevent injuring his fellow man, when he discovers he is about to hurt him. Therefore the law, having regard to what its standard, its model,—the ordinarily prudent man,—would do under such circumstances, imputes wilfulness or wantonness to those who know that some fellow man has been imperiled, and then fail to exercise ordinary care to prevent injuring him. Conversely, unless the circumstances are such that the failure to exercise ordinary care and diligence is at least tinged with wantonness or wilfulness, there can be no recovery by the trespasser. This enunciation may not be accurate enough for application to the case of a trespasser, whose presence ought to

be anticipated for any special reason, but not actually known, though we are clear that, away down at the bottom of things, the duty owed to a trespasser, throughout all the phases of varying circumstances, is fundamentally the same. If it is permissible to view the question in this light, the inharmony apparent in text-books and court decisions upon this question, frequently commented upon, and, in *Southern Railway Co.* v. *Chatman,* 124 *Ga.* 1026, lengthily discussed, vanishes.

Ordinarily the failure to discover the presence of the trespasser, under circumstances when the exercise of care would have resulted in such discovery, is not, as to him, negligence. *Atlanta Ry. Co.* v. *Leach,* 91 *Ga.* 420; *Ga. Pacific Ry. Co.* v. *Richardson,* 80 *Ga.* 727; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1027 (2); *Hall* v. *Western & Atlantic R. Co.,* 123 *Ga.* 213; *Atlanta Ry. Co.* v. *Gravitt,* 93 *Ga.* 369; *Hambright* v. *Western & Atlantic R. Co.,* 112 *Ga.* 36; *Rome R. Co.* v. *Tolbert,* 85 *Ga.* 447. Nor is an honest mistake of judgment so, although, as against persons to whom there is due a higher duty, such mistakes may be treated as negligence. *Seaboard Air Line Ry. Co.* v. *Shigg,* 117 *Ga.* 457; *Nashville Ry. Co.* v. *Priest,* 117 *Ga.* 771. Nor is there any duty of keeping appliances and premises up to any given standard so that injuries to trespassers may thereby be avoided the more easily. *Jenkins* v. *Central Ry. Co.,* 124 *Ga.* 986, and *Clardy* v. *Southern Ry. Co.,* 112 *Ga.* 37; *Savannah Ry. Co.* v. *Beavers,* 113 *Ga.* 398; *Chattanooga R. Co.* v. *Wheeler,* 123 *Ga.* 41; *Southern Ry. Co.* v. *Morrison,* 105 *Ga.* 543; *Seward* v. *Draper,* 112 *Ga.* 673; *Etheredge* v. *Central Ry. Co.* 122 *Ga.* 853; *Knowles* v. *Central Ry. Co.,* 118 *Ga.* 795. It usually takes the element of knowledge of the danger to which the trespasser is subjected, to give to the failure to exercise care for his safety that quality of wilfulness or wantonness necessary to raise liability. *Underwood* v. *Western & Atlantic R. Co.,* 105 *Ga.* 48; *Grady* v. *Georgia R. Co.,* 112 *Ga.* 668; *Central R. Co.* v. *Rylee,* 87 *Ga.* 491 (3); *Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641. As illustrative of wilful and wanton injuries, in which the defendant's conduct has been held actionable, note the following cases; *Savannah Ry. Co.* v. *Godkin,* 104 *Ga.* 655 (where the brakeman intentionally threw a trespasser from a rapidly moving train; *Smith* v. *Savannah Ry. Co.* and *Brunswick R. Co.* v. *Bostwick,* 100 *Ga.* 96 (*similar cases*); *Higgins* v. *Southern Ry. Co.,* 98 *Ga.* 751.

(where the conductor shot at and wounded the trespasser, to make him leave the train) ; *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 509 (where a conductor kicked the trespasser off a moving train) ; *Primus* v. *Macon Ry. Co.,* 126 *Ga.* 667 (where the employee wantonly shoved a child off a moving street-car) ; *Holston* v. *Southern Ry. Co.,* 116 *Ga.* 656 (where the conductor, by shooting at a trespasser with a pistol, frightened him and caused him to fall and jump from a train in motion). Likewise, the defendant was held liable in *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 100, where the engineer made no effort to stop the train, after seeing the trespasser about to be struck, and in *Central R. Co.* v. *Denson,* 84 *Ga.* 774, where the engineer failed to check for a deaf man on the track ahead; note also the case cited by Chief Justice Bleckley in his special opinion in the case last mentioned. See also *Kendrick* v. *Seaboard Air-Line Ry.,* 121 *Ga.* 775.

2. That the trespasser is a child under the full age of discretion does not vary the fundamental theory of the rule by which the liability of the defendant is to be determined, but becomes a circumstance relevant in the determination of whether in a given case the defendant has or has not discharged the degree of duty required. A child is more easily imperiled by his surroundings than is an adult. One can not expect from the child that same skill or caution in avoiding danger that is usual with grown men. Until the presence of the child trespasser and the existence of the impending danger to him become known, the duty to take steps to avoid injuring him does not arise, but what may be adequate to protect an adult may be wholly inadequate for the child. *Wynn* v. *City & Suburban Ry.,* 91 *Ga.* 352. In the cases of *Priest,* 117 *Ga.* 771, *Chatman,* 124 *Ga.* 1035, *Underwood,* 105 *Ga.* 49, *West,* 121 *Ga.* 641, *Godkin,* 104 *Ga.* 655, and *Primus,* 126 *Ga.* 667, mentioned above, the plaintiffs were minors; and a reading of these cases will show that while the element of wantonness or wilfulness must be present, to create liability in such cases, yet it will be more easily implied from the facts where the trespasser is under the ordinary age of discretion.

3. Applying the law as we find it to the present case, we hold that the petition sets out a cause of action. That the injured boy was a trespasser may be conceded, but the allegation that the engineer knew that he and the other boys were seated on the narrow

margin of the oil-tank car, in a position where they were likely, from a sudden jerk, to be thrown off (especially in view of the fact that at their tender ages they would probably be heedless of the danger, and that, being cognizant of the dangerous position in which these boys were thus placed, the engineer continued the shifting of the train, and suddenly reversed it, with the naturally resulting jarring and jostling of the cars, whereby this boy was thrown off and run over), if proved, would authorize a recovery, in the absence of a finding by the jury that the boy's own contributory negligence was sufficient to defeat a recovery. The allegation as to the engineer's knowledge of the position of the boys at the time of his communicating the jerk to the train is positive; and on demurrer this is taken as true. Of course the defendant may be acquitted of liability by showing that, as a matter of fact, the engineer did not know the situation in which the boy was placed, or that the position itself was not so perilous as to charge the engineer with knowledge of the danger of continuing the operation of the train, or that the boy's own negligence was the proximate cause of the injury. These things are for the jury, and not for us. We decide the law alone; they must decide the facts. We think also that the petition as amended was sufficiently definite to withstand the fusilade of special demurrers.                *Judgment affirmed.*