## FORREST *v.* GEORGIA RAILROAD & BANKING COMPANY.

The evidence for the plaintiff was sufficient to authorize a submission to the jury of the question whether the injury to the plaintiff, who was a trespasser, was the result of a wanton act on the part of the engineer.

Submitted February 25,—Decided April 11, 1907.

Action for damages. Before Judge Roan. DeKalb superior court. March 8, 1906.

The petition alleged, that the plaintiff, with the knowledge and consent of employees of the defendant, went upon the engine of its train, while the engine was not in motion, to speak to the engineer; and while conversing with him, the engineer was signaled to leave the station; and that the plaintiff was in the act of descending, using the steps of the engine, when the engineer caused the engine "to suddenly and forcefully move, by turning on the steam," thereby causing him to be thrown to the ground and sustain serious injuries described. The defendant in its answer denied that the plaintiff was on the engine with the consent or knowledge of its employees. The court, at the conclusion of the plaintiff's evidence, ordered a nonsuit, and the plaintiff excepted.

*Alonzo Field, Carl N. Guess,* and *Arnold & Arnold,* for plaintiff.

*Joseph B. & Bryan Cumming* and *M. A. Candler,* for defendant.

CoBB, P. J. (After stating the foregoing facts.) Under the evidence the plaintiff was a trespasser. It did not appear that he had any business with the engineer, or that there was any reason why he should go upon the engine. The defendant company, however, owed him the duty not to injure him wilfully and wantonly, after his position in a place of peril became known to its servants.

The plaintiff testified, that the engineer told him he must leave the engine when the conductor signaled the train to move, and the plaintiff told him all right, to give him a little time, and that just as he went to turn out of the gangway, "the engineer jerked the engine," while he was stepping out, and threw him down under the train; that when he started to go the train was standing still, and that the engineer saw him when he started to get off and when he got hurt. There is also evidence which would indicate that the plaintiff had concealed himself on the steps of a car before the train reached the station at which he boarded the engine, and from which it might be inferred that he was endeavoring to ride without the knowledge of the conductor. The plaintiff admitted that he was in an intoxicated condition; his excuse for concealing himself on the steps of the car being that he did not wish to go into the train in that condition. One of the witnesses for the plaintiff testified to statements made by the plaintiff which would have the effect to impeach his testimony as to the manner of the occurrence, and in other particulars. If the plaintiff was in an intoxicated condition at the time he went upon the engine, and attempted to alight therefrom, and the engineer knew that he was in the act of alighting, and suddenly started the train and threw him to the ground, a jury would be authorized to find that such conduct on the part of the engineer was wanton, and the defendant would be liable. We think that the evidence was of such character that the question should have been submitted to a jury, as to whether the injury to the plaintiff was the result of the engineer's wantonly starting the engine when he knew that the plaintiff was in a position of peril. *Charleston Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*