7300. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* HARDEN.

BROYLES, J. 1. The petition showed no misjoinder of parties defendant.

2. Under the ruling in *Higgins* v. *Southern Ry. Co.*, 98 *Ga.* 751 (25 S. E. 837), *Smith* v. *Savannah Ry. Co.*, 100 *Ga.* 96 (27 S. E. 725), *Brunswick & Western R. Co.* v. *Bostwick*, 100 *Ga.* 96 (27 S. E. 725), *Savannah Ry. Co.* v. *Godkin*, 104 *Ga.* 655 (30 S. E. 378, 69 Am. St. R. 187), and *McIver* v. *Florida Central R. Co.*, 110 *Ga.* 223 (36 S. E. 775, 65 L. R. A. 437), the court did not err in overruling the demurrers to the petition.

3. The request of counsel for the plaintiff in error that the question involved in this case be certified to the Supreme Court, for the purpose of having the ruling in the above cited cases reviewed and modified or overruled, is, upon consideration, declined. *Judgment affirmed.*

DECIDED JULY 6, 1916.

Action for damages; from Chatham superior court—Judge Davis Freeman. February 9, 1916.

From the petition it appears, that the plaintiff, being unable to pay his fare for transportation on the railroad, attempted to ride on a freight-car, and "located himself on an iron ladder" on the side of the car; and that while he was in this position and while the train was in motion, one of the men employed in the running of the train wilfully and maliciously shot him, refused to stop the train and allow him to alight, stamped upon his fingers, and forced his hand loose from the hand-hold, causing him to be hurled from the car. He sued jointly the railway company and three persons alleged to be respectively the conductor, the flagman, and the brakeman of the train. The petition was in three counts, each charging a different one of these employees with having committed the assault, and charging the other two with having participated therein by consent, advice, and command. Each of the defendants demurred separately, on the grounds that no cause of

action was set forth, and that there was a misjoinder of parties defendant; and the railway company demurred on the additional ground that it did not appear that the employee making the assault was acting within the scope of his authority from the railway company or while in the performance of any duty in its behalf. The case came to this court on exceptions to the overruling of the demurrers.

*Lawton & Cunningham, H. W. Johnson,* for plaintiff in error.
*Osborne, Lawrence & Abrahams,* contra.