### 7208.    GEORGIA SOUTHERN & FLORIDA RAILWAY CO. v. THOMAS.

BROYLES, J.   1. A brakeman, upon either a passenger or a freight-train, has the implied power to remove trespassers therefrom. Dixon *v.* Northern Pacific R. Co., 37 Wash. 310 (79 Pac. 943, 68 L. R. A. 895, 107 Am. St. R. 810, 2 Ann. Cas. 620).

2. A railroad company owes a duty to a trespasser upon its trains not to injure him wilfully or wantonly. *Charleston & Western Carolina Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064); *Forrest* v. *Georgia R. Co.,* 128 *Ga.* 77 (57 S. E. 98).

3. Where a brakeman of a railroad company, who is on duty at the time, discovers a trespasser on a rapidly moving freight-train of the company, and, in ejecting him therefrom, wilfully and wantonly assaults him by shooting him with a pistol and forcing him to jump or fall from the train while it is in rapid motion, the company is liable in damages for injuries so caused to the trespasser. *Charleston & W. C. Ry. Co.* v. *Johnson,* supra; *Smith* v. *S., F. & W. Ry. Co.,* 100 *Ga.* 96 (27 S. E. 725); *Brunswick & Western R. Co.* v. *Bostwick,* 100 *Ga.* 96 (27 S. E. 725); *S., F. & W. Ry. Co.* v. *Godkin,* 104 *Ga.* 655 (30 S. E. 378, 69 Am. St. R. 187); *Lindsay* v. *Central R. Co.,* 46 *Ga.* 447; *Primus* v. *Macon Ry. & Light Co.,* 126 *Ga.* 667 (55 S. E. 924); *Forrest* v. *Georgia R. Co.,* supra; *Central of Georgia Ry. Co.* v. *Harden,* 18 *Ga. App.* 392 (89 S. E. 432); Dixon *v.* Northern Pac. R. Co., supra; Cook *v.* Southern Ry. Co., 128 N. C. 333 (38 S. E. 925); Marion *v.* C., R. I. & P. Ry., 59 Ia. 428 (13 N. W. 415, 44 Am. R. 687). The facts in the case of *Savannah Ry. Co.* v. *Wall,* 96 *Ga.* 328 (23 S. E. 197), clearly distinguish it from this case.

4. The petition set forth a cause of action, and the court did not err in overruling a general demurrer.

5. The 1st and 2d grounds of the amendment to the motion for a new trial amount, in law, merely to an amplification of the general ground that the verdict is contrary to law.

6. When considered in the light of the entire charge, no material error appears in the excerpts therefrom, as complained of in the 3d, 4th, 5th, 6th, and 7th grounds of the amendment to the motion for a new trial.

7. It was not error to exclude the testimony excepted to, as set forth in the 8th, 9th, and 10th grounds of the amendment to the motion for a new trial.

8. The verdict (for $3,500) does not appear to be excessive; there was evidence to support it, and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED JULY 27, 1916. REHEARING DENIED SEPTEMBER 15, 1916.

Action for damages; from city court of Tifton—Judge R. Eve. December 17, 1915.

*J. E. Hall, Guiyton Parks, C. J. Bloch, R. D. Smith,* for plaintiff in error.

*J. H. Price, J. S. Ridgdill, F. G. Boatright,* contra.