15402.    MORRIS, next friend, *v.* FRUIT COMPANY.

A truck-driver employed by the owner of the truck to deliver goods acts outside the scope of his employment when he, for his own pleasure and without the knowledge of his employer, invites another to ride on the truck; and the employer is not liable to the driver's guest for injury caused by negligence of the driver.

The petition did not set out a cause of action, and the court did not err in dismissing it.

DECIDED OCTOBER 9, 1924.

Action for damages; from Floyd superior court—Judge Wright. February 9, 1924.

*Porter & Mebane,* for plaintiff.    *C. I. Carey,* for defendant.

BLOODWORTH, J.    Willie Morris, a minor, sued the Fruit Company, located at Rome, Ga., for damages for injuries received by him when an automobile truck owned by the defendant and driven by a chauffeur on business for the defendant, and in which the plaintiff was riding as a guest of the driver, left the road and ran into a ditch, because, it was alleged, of negligence of the driver. General and special demurrers to the petition were filed. The demurrers were sustained and the petition dismissed, and the plaintiff excepted.

The petition fails to set out a cause of action, and the demurrers were properly sustained. The driver of a delivery-truck, employed

to make deliveries of goods, acts outside of the scope.of his employment where he, for companionship and for his own pleasure and without the knowledge of his employer, invites a friend to ride on the truck with him, and the employer is not liable for injuries to the guest of the driver, sustained from the negligence of the latter, even though the negligence be wilful and wanton. The petition does not show that the plaintiff was invited to ride on the truck by the owner thereof or by anyone authorized by him to give the invitation, and fails to show that when the driver invited the plaintiff to ride thereon he was acting within the scope of his employment or in furtherance of his employer's business. See sections 3593 and 4413 of the Civil Code of 1910; *Rape* v. *Barker,* 25 *Ga. App.* 362 (103 S. E. 171); *Tate* v. *Atlantic Ice & Coal Corporation,* 25 *Ga. App.* 797 (104 S. E. 913); *Waller* v. *Southern Ice & Coal Co.,* 144 *Ga.* 695 (87 S. E. 888); *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618); *Central of Ga. Ry. Co.* v. *Morris,* 121 *Ga.* 484 (121 S. E. 693); McQueen *v.* Peoples' Store Co., 97 Wash. 387 (166 Pac. 626); Hughes *v.* Murdoch Storage & Transfer Co., 269 Pa. 222 (112 Atl. 112); O'Leary *v.* Fash, 245 Mass. 122 (140 N. E. 282); Barker *v.* Dairymen's Milk Products Co., 205 Ala. 470 (88 So. 588); Schulwitz *v.* Delta Lumber Co., 126 Mich. 559 (85 N. W. 1075); Foster-Herbert Cut Stone Co. *v.* Pugh, 115 Tenn. 688 (91 S. W. 199, 4 L. R. A. (N. S.) 804, 112 Am. St. R. 881); Dougherty *v.* Chicago, Milwaukee & St. Paul Ry. Co., 137 Iowa, 257, 258 (6) (114 N. W. 902, 14 L. R. A. (N. S.) 590, 126 Am. St. R. 282); Goldberg *v.* Borden's Condensed Milk Co., 227 N. Y. 465 (125 N. E. 807); Zampella *v.* Fitzhenry, 97 N. J. L. 517, (117 Atl. 711).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*