### 15870.   MOORE v. DeKALB SUPPLY COMPANY.

STEPHENS, J. 1. Where it appears that the driver of an automobile is employed by the owner to operate it, the inference is authorized that the driver, when operating it along a highway, in the absence of the owner, is acting as the owner's agent or servant. *Gallagher* v. *Gunn,*

16 *Ga. App.* 600 (85 S. E. 930).  The driver being at the time in exclusive control of the automobile, it is apparently within the scope of his authority, as agent or servant of the owner, to eject from the automobile a trespasser or one not entitled to ride therein.  This is true although the person is riding in the automobile by permission of the driver, where the driver, in granting such permission, acted beyond the scope of his authority.  It follows, therefore, that where such person riding in the automobile is thrown therefrom and killed by the wilful and wanton act of the driver in operating the automobile, the owner is liable in damages.  *McIver* v. *Florida Central R. Co.*, 110 *Ga.* 223 (2) (36 S. E. 775, 65 L. R. A. 437); *Higgins* v. *Southern Ry. Co.*, 98 *Ga.* 751 (25 S. E. 837); *Smith* v. *S., F. & W. Ry. Co.*, 100 *Ga.* 96 (27 S. E. 725); *Brunswick & Western R. Co.* v. *Bostwick*, 100 *Ga.* 96 (27 S. E. 725); *S., F. & W. Ry. Co.* v. *Godkin*, 104 *Ga.* 655 (30 S. E. 378, 69 Am. St. Rep. 187); *Madden* v. *Mitchell Automobile Co.*, 21 *Ga. App.* 108 (94 S. E. 92).  The cases of *Murphey* v. *New South Brewery & Ice Co.*, 145 *Ga.* 561 (89 S. E. 704), *Waller* v. *Southern Ice & Coal Co.*, 144 *Ga.* 695 (87 S. E. 888), *Morris* v. *Fruit Co.*, 32 *Ga. App.* 788 (124 S. E. 807), are clearly distinguishable.

2. Where the driver of an automobile truck, designated as a "hopper" truck, permits another to ride in the hopper, knowing that the person riding is in a dangerous situation, in which he is likely to fall from the truck, and the driver operates the truck over a rough, unpaved roadway, down hill, and over a gully in the roadway, at a rate of speed of twenty to twenty-five miles an hour, which speed is of such a character under the circumstances as attracts the attention of a person observing the speeding truck, and, as a result of such operation of the truck, the person riding in the hopper is caused to sway to one side, and, when the truck has reached a point about two and a half blocks from where it started, the person riding therein falls from the truck and is killed, the inference is authorized that the driver's act in so operating the truck was of such a reckless character under the circumstances as to be wilful and wanton, and that such act caused the person riding in the hopper to be thrown out and killed.  *Dennard* v. *State*, 14 *Ga. App.* 485 (81 S. E. 378); *Tift* v. *State*, 17 *Ga. App.* 663 (88 S. E. 41).  See, in this connection, *Bazemore* v. *Stephenson*, 24 *Ga. App.* 180 (100 S. E. 234).

3. Where, in such a case, the wife of the person killed sued the owner of the automobile for the homicide, the inference was authorized that the death was the result of the wilful and wanton act of the defendant, through the defendant's servant, the driver of the automobile, acting within the scope of his authority; and there being evidence as to the value of the life of the deceased, the award of a nonsuit was improper.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., dissents.*

DECIDED SEPTEMBER 14, 1925.

Action for damages; from city court of Decatur—Judge Daley. June 17, 1924.

Certiorari was granted by the Supreme Court.

*Alston, Alston, Fosler & Moise, W. G. Shearer, W. H. Sibley,*
for plaintiff.

*J. E. Berman, Ralph G. Sims,* for defendant.

JENKINS, P. J., dissenting. "Every person shall be liable for
torts committed by his wife, and for torts committed by his child,
or servant, by his command or in the prosecution and within the
scope of his business, whether the same be by negligence or vol-
untary." Civil Code (1910), § 4413; *Central of Ga. Ry. Co.* v.
*Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. Rep. 250) ; *Southern
Ry. Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303) ; *Savannah Electric
Co.* v. *Wheeler,* 128 *Ga.* 550 (58 S. E. 38, 10 L. R. A. (N. S.)
1176) ; *Toole Furniture Co.* v. *Ellis,* 5 *Ga. App.* 271 (68 S. E. 55).
Thus, it is the general rule that the master is liable for the acts
of his servants, when done within the scope of their employment,
whether the act is wilful or otherwise. *Smith* v. *Holbrook,* 99 *Ga.*
256 (25 S. E. 627) ; *Exposition Cotton Mills* v. *Sanders,* 143 *Ga.*
593, 595 (85 S. E. 747) ; *Century Building Co.* v. *Lewkowitz,* 1
*Ga. App.* 636, 639 (57 S. E. 1036) ; *Lewis* v. *Amorous,* 3 *Ga. App.*
50 (59 S. E. 338) ; *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.*
470 (65 S. E. 322) ; *Louisville & Nashville R. Co.* v. *Hudson,* 10
*Ga. App.* 169, 171 (73 S. E. 30). While this code section has
been applied in numerous railway cases (see *Central of Ga. Ry.*
v. *Brown,* 113 *Ga.* 414, 38 S. E. 389, 84 Am. St. Rep. 250), it
appears that the rule of liability on the part of railway companies
is not wholly fixed and determined by the provision of law quoted,
but is enlarged or modified by the provisions of section 2780 of the
Civil Code (1910), which provides as follows: "A railroad com-
pany shall be liable for any damage done to persons, stock, or
other property by the running of the locomotives, or cars, or other
machinery of such company, or for damage done *by any person
in the employment and service of such company,* unless the com-
pany shall make it appear that their agents have exercised all
ordinary and reasonable care and diligence, the presumption in
all cases being against the company." Accordingly, it was held
in *Smith* v. *Savannah, Florida & Western Ry. Co.,* 100 *Ga.* 96
(27 S. E. 725), cited in the majority opinion, that a railway com-
pany was liable for the act of one of its employees in wantonly
pushing a trespasser from a train irrespective of "whether ejecting
trespassers therefrom was or was not within the scope of this em-

ployee's duties thereon." In *Waller* v. *Southern Ice & Coal Co.,* 144 *Ga.* 695 (87 S. E. 888), it was held that "Where the driver of an automobile truck which belonged to the defendant company, and which was used solely for the purpose of carrying ice, while driving the truck, apparently in the ordinary discharge of his duties, upon the request of a boy having in charge as nurse a child of tender years, permitted the nurse and the child in his charge to get upon the running-board of the truck, which was about twelve inches from the ground and about twelve inches broad, and ride thereon, such action upon the part of the driver in giving permission to the children to mount the running-board and in allowing them to ride was entirely without the scope of his duties as an employee of the owner of the truck. And where the child of tender years, in dismounting from the running-board, fell under the wheels of the truck while it was in motion, and was killed, the company was not liable in damages to the mother of the child, who brought suit against the company, alleging that the child contributed to her support and that she was dependent upon him; and the court did not err in granting a nonsuit at the conclusion of the plaintiff's testimony." See also *Tate* v. *Atlantic Ice & Coal Co.,* 25 *Ga. App.* 797 (104 S. E. 913); *Morris* v. *Fruit Company,* 32 *Ga. App.* 788 (124 S. E. 807). Since in the instant case the theory of liability is necessarily limited to the doctrine of respondeat superior, and since the act of the servant in permitting the plaintiff to ride on the truck was wholly beyond the scope of his authority, and appears to have been done entirely without the knowledge or consent of the master, it does not seem to the writer that the master should be held liable for an act, whether wilful and wanton or not, for which he was in no wise responsible. It is true that if in inflicting the injury the servant was engaged in the duties of his employment, the fact that the injured party was a trespasser would not absolve the master from liability, provided the conduct of the servant was wilful and wanton; but in a case where the determining question is whether the act was or was not in a legal sense the act of the master, it does not seem that the degree of another's negligence has any bearing upon the question of the master's liability. My colleagues apparently base their holding to some extent upon the ruling above quoted from the case of *Smith* v. *Savannah, Florida & Western Railway Co.,* supra; but as has been already indicated,

the provisions of section 2780 of the Civil Code (1910), referring to railway companies, does.not have application here; and besides, in that case the flagman in ejecting the trespasser from the train was certainly acting within the scope of the company's business, while in the instant case it surely could not be contended that either the pleadings or the proof in any wise suggest that the driver of the truck, after inviting the deceased to ride, employed the alleged reckless and wanton manner of driving the car as a secret means of ejecting his guest from the truck, in pursuance of his duty to his master. In my opinion the action of the trial judge in granting the nonsuit was correct.