MARION v. C., R. I. & P. R. Co.

1. **Railroads**: TORTS OF EMPLOYE AS AFFECTED BY HIS PURPOSE. The act of an employe of a railroad company in removing a trespasser from a train, cannot be considered the act of the company, unless he was employed generally to remove trespassers, or specifically to remove the particular trespasser. The question whether or not it was the *purpose* of the employe to serve his employer is relevant only in cases of willful injury done in the course of his employment.

*Appeal from Jefferson District Court.*

WEDNESDAY, OCTOBER 4.

ACTION to recover for a personal injury. The plaintiff avers in his petition that he climbed upon one of the defendant's freight trains while in motion; that he did so without a ticket and without the consent of the company; that one of the defendant's brakemen, in the course of his employment, negligently and willfully forced him from the train while in motion, and caused him to fall through a bridge, from which he received the injury complained of.

The defendant for answer denied all the allegations of the petition not admitted, and did not admit that one of its brakemen, in the course of his employment, negligently or willfully forced the plaintiff from the train. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Slagle & McCrackin* and *M. A. Low*, for appellant.

*McCoid & West*, for appellee.

ADAMS, J.—There was evidence tending to show that the conductor was vested with the sole power to determine who should be allowed to ride upon the train and who should be removed therefrom. Upon this point the defendant asked the court to give an instruction in these words: "Acts done by an employe while engaged in the service of his employer

are not necessarily done in the course of his employment as the term is used in law, and if an employe, while engaged in the service of his principal to perform a special service, goes beyond or outside the scope of his employment, and in doing so injures one to whom, like the plaintiff in this case, the employer owes no duty, the employer is not liable." The court refused to give this instruction, and gave an instruction in these words: "Even though the instructions and rules of the company placed the matter of the removal of trespassers, or non-paying passengers, from the trains under the immediate charge and discretion of the conductor, and it was the duty of the brakeman to put off such persons only by the direction of the conductor as his superior, the defendant is not relieved from liability simply because in this instance the brakeman acted without orders or direction from the conductor. But if the brakeman, not as a part of his duty as an employe of the defendant, but for the gratification of his own feelings, willfully or maliciously asssulted the plaintiff, and in this assault the plaintiff fell to the ground, then the defendant is not liable. The point you are to observe is this: that as the defendant owed the plaintiff no duty as a common carrier, therefore, unless the brakeman, as an employe of the company engaged in operating the train, acted for the purpose of putting him off and freeing the train from him as a trespasser, the defendant is not liable for this act." The giving of this instruction and the refusal to give the instruction asked are assigned as errors.

The rule is familiar that an employer is liable for the torts of an employe only where they are committed in the course of his employment. The difficulty has been to determine what acts should be deemed within the course of his employment. If in this case the conductor had forced the plaintiff from the train while in motion and while crossing a bridge, the act very clearly would, under the evidence, be deemed to be in the course of his employment, and that too even if it were shown that he had been expressly instructed to eject no

person from the train when in motion, and especially when crossing a place as dangerous as a bridge. In one sense, the specific act would not be in the course of his employment, but his general employment to remove trespassers from the train would be sufficient to render the company liable.

But it appears to us that the act of an employe of a railroad company in removing a trespasser from a train cannot be considered the act of the company, unless he was engaged generally to remove trespassers, or specifically to remove the particular trespasser. The court below appears to have thought otherwise. The instruction given proceeds upon the theory that where a person is employed to do one thing, and he volunteers to do another, his act shall nevertheless be deemed to be within the scope of his employment *if his purpose was to serve his employer*. But in our opinion the purpose of the employe is not in a case like the one at bar material. The court, we think, was misled by a distinction which has been drawn by courts in a different class of cases. Where the question is as to whether the employer is liable for a willful injury done by an employe it is sometimes important to inquire whether the employe's purpose was to serve his employer by the willful act. *Illinois Central Railroad Co. v. Downey*, 18 Ill., 259; *Wright v. Wilcox*, 19 Wend., 343; *Moore v. Sanborn*, 2 Mich., 519; *Croft v. Alison*, 4 B & Ald., 590; *Johnson v. Barber*, 5 Gilman 425; *Foster v. Essex Bank*, 17 Mass., 479. The rule is that an employer is not liable for a willful injury done by an employe, though done while in the course of his employment, unless the employe's purpose was to serve his employer by the willful act. Where the employe is not acting within the course of his employment, the employer is not liable, even for the employe's negligence, and the mere purpose of the employe to serve his employer has no tendency to bring the act within the course of his employment. Where a female servant having authority to light fires in a house, but not to clean the chimneys, lit a fire for the sole purpose of cleaning a chimney, it was

held that her employer was not liable for an injury caused by her negligence in lighting the fire. *Mackenzie v. McLeod*, 10 Bing., 385. See, also, *Towanda Coal Co. v. Heenan*, 86 Pa. St., 418.

In our opinion the court erred in the instruction given and in refusing the instruction asked by the defendant. Several other questions are presented, but in the view which we have taken of the case they will probably not arise upon another trial.

REVERSED.