## EXPULSION OF A TRESPASSER FROM A MOVING FREIGHT TRAIN TO HIS INJURY.

[Circuit Court of Richland County.]

EDWARD WHISTLER v. JOHN K. COWAN ET AL, RECEIVERS.*

Decided, January Term, 1903.

*Master and Servant—Liability for Act of Servant—And of Railroad Company for Expulsion of Trespasser by Employe, When—What Must be Shown—Where the Expulsion was by Brakeman on a Freight Train—Authority Not Implied—And Proof that He was a Brakeman not Sufficient to Hold the Company—Agent or Employe of Adverse Party Can Not be Called for Purpose of Cross-Examination, When.*

1. A master is not responsible for the wrongful act of his servant unless the act be done in the execution of authority, express or implied, given by the master.
2. A railroad company is liable for the willful wrong of its employe in expelling a trespasser from its freight train while in motion to his injury only upon proof that the act was done by such employe in the course of his employment and within the scope of his authority.
3. In order to hold a railroad company responsible for an injury resulting to a trespasser upon one of its trains when there is no contractual relationship between the parties, and the injury results from an order to get off the train by an employe other than the conductor, or the person in charge of the train, the party injured must establish one of two propositions: Either that there was direct authority given the employe to order such person off the train, or from the employment or position occupied by such employe giving the order that duty arises by implication of law.
4. Where a regular freight train is in charge of a regular crew consisting of a conductor, engineer, fireman and necessary brakeman, in the absence of evidence showing by course of conduct, custom or instructions, that a brakeman thereof had authority to keep trespassers therefrom, such authority would not arise by implication simply from the fact that he was a brakeman.
5. If a brakeman expels a trespasser from such a train while in motion, and the party expelled is injured thereby, proof of the fact that he was such brakeman is not alone sufficient to hold the company liable.

*Affirmed by Supreme Court without report, June 30, 1904.

6. It is not error to refuse to permit one party to a suit to call the agent or employe of the adverse party for the purpose of cross-examination before such person had been offered as a witness by the adverse party.    Section 5243, Revised Statutes, does not apply to an agent or employe of the adverse party.

Error to the Court of Common Pleas of Richland County.

Edward T. Whistler, plaintiff in error, filed his petition in the Court of Common Pleas of Richland County, Ohio, against John K. Cowan et al, Receivers of the Baltimore & Ohio Railroad Co., in which it is alleged that he, on or about the 18th day of April, 1898, boarded a freight train of the defendants' company at Lexington, Ohio, that was bound for Mansfield, Ohio, and other points north on said defendants' road, which said train was being conducted over said road by the agents of said defendants; that after said train had left Lexington, so situated on said road, and on which plaintiff was then riding, and after said train had attained a high rate of speed, to-wit, fifteen or twenty miles an hour, one of the employes on said train, an agent of defendants, a part of whose duty it was to keep unauthorized persons off of said train, without any provocation, other than that plaintiff was riding on said train, he, the said employe, in a menacing manner, with club in hand, approached plaintiff and ordered him to get off of said train.    That plaintiff offered to comply with the demand of said employe on said train, whom he believed to be a brakeman, and who was a brakeman on said train, provided he would slow up the train or stop the same; that immediately after so communicating his intention to comply and act to said brakeman, he was again, in a most insolent, threatening and demonstrative manner ordered to leave said train instanter by said brakeman, who made no effort to slack the train, and thereupon said brakeman, in a most menacing and threatening manner, approached plaintiff and compelled him against his will to leap from said train while it was in motion and while at said great rate of speed.    The petition sets forth the injuries caused thereby to the plaintiff, and asks to recover his damages, which are stated at $15,000.

Defendants' answer, for a first ground of defense is a general denial, and for a second ground say that plaintiff was well

acquainted with the movement of trains and the tracks and premises where he was injured, and on said 18th day of April, 1898, without necessity, excuse or promises therefor, went upon said defendants' railroad train, and by his own negligence and want of ordinary care directly contributed to said injury.

Plaintiff's reply to this second defense was a general denial.

On the trial to a jury, at the close of the plaintiff's testimony, the court, on motion of the defendants, instructed the jury to render a verdict for the defendants, which was done. A motion for a new trial was overruled, exceptions taken, and judgment rendered on the verdict. A bill of exceptions containing all the evidence was taken and made a part of the record. Error is prosecuted to this court to reverse the judgment of the court below.

VOORHEES, J.; DOUGLASS, J., and DONAHUE, J., concur.

The question is, did the trial court err in directing a verdict for the defendant on the evidence produced by the plaintiff?

Without restating the allegations of the petition it will be observed that the plaintiff does not allege therein, or contend in his evidence, that he was a passenger upon this train; but it does appear from the evidence, that on the occasion of the injury he was wrongfully on the train as a trespasser. It is contended that, notwithstanding he was a trespasser on the train, if an agent of defendants' company or an employe on said train, a part of whose duty it was to keep trespassers and unauthorized persons off of the train, did, in a threatening and menacing manner, when the train was running at a speed of fifteen or twenty miles an hour, order plaintiff off of the same, and in obedience to such order, under the circumstances stated, plaintiff in getting off was injured, the company would be liable.

The answer of defendants puts in issue the allegation of the petition that the employe on this train was authorized or had any authority or control of the train in its operation, or in keeping persons off who had no right to be thereon.

The right of the plaintiff to recover in this action turns upon this question: Whether the person who ordered plaintiff off of the train was, at the time in the discharge of his duty, acting within the scope of his employment.

The petition does not allege who this employe was, does not describe his employment, except in one place the plaintiff says that he was an employe and an agent of the company, a part of whose duty it was to keep unauthorized persons off of said train; and in another place he alleges that "he believed said employe to be a brakeman, and who was a brakeman on said train." The evidence in the record upon this particular question the same act done by a servant falling within the other class, it is about as uncertain as the petition. The plaintiff in his testimony, in referring to the person who ordered him off the train, says, "he was a brakeman." There is no other evidence that this person who ordered him off the train was in fact a brakeman. Testing the question we will assume that the person who did order plaintiff off the train was a brakeman on that particular train. It was a regular freight train. Such a train must have more than one brakeman in charge of it. A regular crew may be assumed to have had charge of the train on this occasion, which would consist of a conductor, engineer, fireman, and the necessary brakeman. It was a train that did not carry passengers. It is conceded that the plaintiff was on this train wrongfully, not only in violation of the statutes of Ohio, but without authority from any one in charge of the train. In other words, he was a trespasser. From the evidence it appears that he and his companion, Bert Gray, got on the train after it had left the station at Lexington. After leaving this station and proceeding in its course toward Mansfield, this person, who plaintiff designates as the brakeman, saw plaintiff and his companion, Gray, on the train, and ordered them off.

Without going fully into the details as to what occurred between the brakeman and these parties, it is sufficient to say, that from the record it appears that the plaintiff claims that the brakeman with a weapon in his hand and in a menacing manner advanced toward him and ordered him to get off; that if he did not do so, he would knock him off; and, in obedience to these orders and threatening manner, he undertook to get off the car he was on by going down the ladder; being a box car he was on top of it. On reaching the lower round or step

of the ladder he jumped off, his foot went under the car and he lost his foot and ankle.

It is not shown by any evidence in the record that the brakeman had any authority to put persons off of the train. It is alleged in the petition that he was so authorized. That is denied by the answer. The record fails to show that he had any authority in this regard. The record does not undertake to disclose what authority this brakeman had, whether he had charge of any portion of the train, or what his duties were as brakeman.

The question resolves itself in its legal aspect into this: Is a railroad company liable for the act of its employe, a brakeman, in expelling a trespasser from one of its freight trains, while in motion, to his injury?

The company is liable when the act is done by such employe in the course of his employment, and the act complained of is within the scope of his authority; otherwise not.

In order to hold the railroad company responsible for an injury resulting to a trespasser from the wrongful act of an employe, as in this case, the party injured must establish one of two propositions: Either that there was direct authority given the employe to order the person off of the train, or that, from the employment itself or position occupied by the employe, the duty arises by implication of law. It is not contended here that there was any direct authority given to this brakeman to do anything with reference to trespassers upon the train. There is nothing in the record showing or tending to show by any course of conduct, custom or instructions, that a brakeman was so authorized or required to act as a part of his employment. Does this duty or authority arise by implication simply from the fact that he is a brakeman? If it does so arise, then it would have been the duty of the company to show in this case that what this brakeman did was outside of his implied duty or authority.

In the case of a trespasser no duty except abstinance from wanton injury and gross negligence lies upon the carrier to make the carrier or master liable. The wrong done by the servant or employe must be an act within the scope of his duty

and in the course of his employment.   Wood on Railroads, Volume 2, Section 316, page 12, states the principle thus:

"While in the case of passengers, because of the contractual duty existing on the part of the company, the question as to whether the servant committing the injury had authority, express or implied, to do so, or in other words, whether it was done in the line of his duty, is not material, yet when the question arises between a trespasser, or one to whom this duty is not owed, and the company, a different question is presented, and the company can only be made liable when authority, express or implied, to do the act is shown.   Thus the conductor of a train, being in charge of and having full control over it, represents the company as to any matter connected with its management or control, and for an act done by him in the line of his duty, as by the ejection of a trespasser, the company would unquestionably be liable: but for the act of a brakeman of the train, who, without the direction of the conductor, should remove a trespasser from the train, the company would not be liable, unless express authority to do an act to which the act complained of is incident, is shown, because the act is not one which comes within the scope of his duty."

In Elliott on Railroads, Volume 3, Section 1255, the author says:

"A railroad company owes trespassers no contractual duty; indeed, as already stated, the general rule is that it owes them no duty, except not to willfully injure them, and this rule applies to those who are attempting to steal a ride, or otherwise trespass upon the company's cars.   They are not in a position to invoke the doctrine of apparent authority, and can only hold the company liable for acts of its employes done within the scope of their actual authority, express or implied."

Outside of the exception as to passengers, the employes of a railroad company may be divided into two classes: for the willful wrongs of one class, though done to even a trespasser, the company is liable, because the act is done in course of their employment and within the scope of their authority; while for the same act done by a servant falling within the other class would not be liable.   A company may be held liable for a trespass by a conductor of a freight train to a trespasser on his

train, as in the case of *Railway Co.* v. *Boyer,* 18 Cir. Ct. (Ohio), page 327, but not for the same act of and by a brakeman on the same train.

These principles we consider to be supported by the following additional authorities: *Railway Co.* v. *Wetmore,* 19 O. S., 110; *Stranaham Bros. Co.* v. *Coit,* 55 O. S., 398; *Nelson, etc., Co.* v. *Lloyd,* 60 O. S., 448; *Planz* v. *Railroad Co.,* 157 Mass., 377; *International, etc., Ry. Co.* v. *Anderson,* 82 Texas, 516; 27 Am. St., 902; *Marion* v. *Railway Co.,* 59 Iowa, 428; 13 N. W., 415; *Towanda Coal Co.* v. *Heeman,* 86 Pa. St., 418; *Bess* v. *Railway Co.,* 35 W. Va., 492; 29 Am. St., 820; *O'Neill* v. *Railway Co.,* 2 Cir. Ct. (Ohio), 504, 510.

There is nothing in the record, applying even the scintilla rule, tending to show that the act of this brakeman was an act done within the scope of his duty as such brakeman or employe of said defendants' company. In the absence of such authority and duty he would stand to the company just as a stranger would. If a stranger had ordered plaintiff off the car, as did this brakeman, the railroad company would not be liable. The railroad company can only be liable to trespassers for the act of a servant when the act done is ordered by the master or is the result from necessary implication from the employment. There is no evidence in the record tending to establish either of these facts or conditions of liability. Therefore the court of common pleas did not err in directing a verdict for the defendants.

There is one other ground of error which will be briefly considered. It is contended that the court erred in refusing to permit the plaintiff in error to call the engineer of this train for cross-examination. The court refused to permit the engineer to be called for cross-examination because he had not been offered as a witness by the company. The court informed plaintiff if he desired to put the engineer on the stand, that he could do so, but he would make him his own witness, and not merely for cross-examination under the statute. This plaintiff was unwilling to do. Under the circumstances the court did not err in refusing to permit plaintiff to cross-examine the engineer.

The court was justified in taking the case from the jury for the reasons stated, and the judgment of the court is affirmed, with costs.

*Douglass & Mengert* and *Vivan Abernethy,* for plaintiff in error.

*Cummings, McBride & Wolfe,* for defendants in error.