## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* CHANEY.

1. A declaration in an action against a railway company, for damages resulting from personal injuries, did not set forth a cause of action where its only allegations, relating to the circumstances under which the injuries were inflicted, were, in substance, as follows, viz.: that the plaintiff was an employee of the defendant, who labored in its roundhouse; that

it was customary for him to walk between its lines of track so as to reach the roundhouse; that while so walking, he was struck from behind by a moving car which was being propelled toward him by an engine; that he was not warned of the approach of the car by the ringing of the bell or the blowing of the whistle of the locomotive, nor by call of the engineer or fireman, and that the company was negligent in failing to give such warnings.

2. These averments are not sufficient to show that the plaintiff was not a trespasser, since it might or might not have been necessary for him to reach the roundhouse by walking between the lines of track, and it does not appear whether or not his custom in this respect was known or sanctioned by the defendant. As the declaration does not, by proper allegations concerning these matters, affirmatively show he had a right to be at the place where he was when injured, it is proper to deal with him as a trespasser; and this being so, the specific acts which caused his injuries and which are averred to constitute the negligence entitling him to recover, were not, relatively to him, negligent at all, for the reason that they involved the breach of no duty due to him by the defendant.

3. Construing the petition most strongly against the plaintiff, it would not follow, as a conclusion of law, that under the facts alleged he was entitled to a verdict; and accordingly, a general demurrer to such a declaration ought to have been sustained. ATKINSON, J., dissenting.

Argued February 18, — Decided August 5, 1897.

Action for damages. Before Judge Norwood. City court of Savannah. May term, 1896.

A general demurrer to the petition of Chaney against the railway company was overruled, and defendant excepted. Plaintiff alleged, that on or about January 8, 1895, he was in the employment of the company as a laborer, and as such was generally employed in working in its roundhouse in Savannah. It was usual and customary for him to walk between its lines of tracks north of Gwinnett street, so as to reach said roundhouse. On or about said date, while walking between said tracks on his way to the roundhouse, in the course of his said employment, he was struck from behind by defendant's locomotive, and thereby had his right hand so badly crushed as to require its amputation above the wrist. The locomotive was behind a car pushing the car in the same direction plaintiff was going, and he was not warned of its approach by the ringing of its bell, or the blowing of its whistle, or by the calls of its engineer or fireman, or in any other way, in consequence of which he was injured as aforesaid. Defendant was negligent,

in·not warning him of the approach of the locomotive and car; in not having the bell or whistle of the engine sounded so as to warn him, or in some proper manner giving him notice of the approach of the engine and car; in running upon and injuring him as aforesaid; and in not having the engineer or fireman of the engine warn him of the approach of the engine and car.

*Erwin, duBignon & Chisholm* and *W. L. Clay*, for plaintiff in error. *R. R. Richards* and *W. P. Hardee*, contra.

LITTLE, J. The facts appear in the preceding official report. The headnotes give a statement of the rulings made in the case. We do not deem it necessary to elaborate them. They are fully supported by the following cases: *Railroad Co.* v. *Luckie*, 87 *Ga.* 6; *Jenkins* v. *Railroad Co.*, 89 *Ga.* 756; *Holland* v. *Sparks*, 92 *Ga.* 753.

*Judgment reversed. All the Justices concurring, except Atkinson, J., dissenting.*