CENTRAL OF GEORGIA RY. CO. *v.* BRANDENBURG.

129  115
d130  426

1. When this case was before the Supreme Court on a former occasion (*Kemp* v. *Central Ry. Co.*, 122 *Ga.* 559), it was held that the petition was good as against a general demurrer, but that the special demurrer should have been sustained. Before the remittitur was entered, the plaintiff offered an amendment to the petition, attempting to cure the defects pointed out in the special demurrer originally filed, as well as in the amendment to the special demurrer, which was filed to the petition as amended. While the amendment cured some of the defects, the petition, as amended, was still subject to some of the objections raised in the special demurrer.

2. COBB, P. J., and ATKINSON, J., dissenting. The petition, as amended, was not subject to any of the objections set out in the special demurrer.

Argued February 25,—Decided August 16, 1907.

Action for damages. Before Judge Rawlings. Bulloch superior court. February 15, 1906.

Mrs. Kemp brought suit for damages resulting from the homicide of her husband. The petition alleged, that the defendant, by the operation of its locomotive and cars in a careless, negligent, and improper manner, ran over and killed her husband, in the county of Bulloch, at a point between Parish and Metter stations, that the killing was done by a passenger-train going west, upon a straight track, and occurred on the 12th day of February; and that the conduct of the agents and employees of the railroad on the occasion in question was wrongful and wanton. It alleged that her husband was 26 years of age, able-bodied, and well educated, and was a farmer, merchant, and schoolteacher, and earning an annual income of $1,000. To this petition the defendant filed both general and special demurrers. These demurrers were overruled, and the defendant excepted. The judgment overruling the general demurrer was affirmed by this court, and the judgment overruling the special demurrer was reversed. *Kemp* v. *Central Ry. Co.*, 122 *Ga.* 559 (50 S. E. 465). Before the remittitur was entered in the trial court the plaintiff offered an amendment alleging, in substance, that the defendant was negligent at the time and place in question, in that it ran its cars at a high rate of speed, greater than was necessary or usual or was required to make the schedule upon which the train was run; that this amounted to recklessness; that at the place where the husband of plaintiff was killed the public generally

were accustomed to use the roadway of defendant as a path or passageway, and the servants in charge of the train had reason to anticipate that there would be persons passing at this point, and they negligently failed to keep a lookout for such persons; that the locomotive was not equipped with a proper headlight, and the headlight was not burning on the occasion in question; that the company failed "to equip said train with brakes, or air-brakes, and other appliances necessary and requisite for the safe operation" of the train, and without which the servants in charge thereof could not stop the train even after having become aware of the presence of the plaintiff's husband upon the track; that the servants and agents in charge of the train were careless and negligent in failing and refusing to stop the train after they had notice of the presence of the plaintiff's husband on the track and in imminent danger of being killed; that the locomotive and cars of the defendant were old, worn out, improperly equipped, and not suited for the purpose for which they were used; that the servants in charge of the train failed and refused to give any signal at the crossing near which the husband of plaintiff was killed, and to slacken the speed of the train on approaching the crossing, thereby failing to give him notice of the approach of the train in time for him to have saved himself; that the train was run in a reckless and wanton manner, without regard to the safety of the persons traveling along the highway; that the servants in charge of the train, after the presence of plaintiff's husband on the track was known to them, failed and refused to reduce the speed of the train, to give any signal, or perform any other act required to avoid the killing of her husband, and, even after the présence of plaintiff's husband became known, ran said train in a reckless and wanton manner, without regard tó his life, striking and killing him; that the engineer in charge of the locomotive was an old man, with failing eyesight, who could see but a short distance, and was therefore an incompetent and unfit person for the duty required to be discharged; that the engineer and fireman failed and refused to keep a lookout, although they were running on a straight track, with nothing to obstruct their view for half a mile or more; and that the husband of plaintiff "was entirely free from any fault on his part." The defendant filed both a general and special demurrer to the petition as amended.

The special demurrer raised the objections, that the petition did not show any duty of 'diligence on the part of defendant to the plaintiff's husband; that there was nothing in the allegations which would amount to wantonness on the part of the defendant; that it appears, from all of the averments, that the husband of plaintiff, by the exercise of ordinary care, could have avoided the consequences of the alleged negligence of the defendant; that it did not appear, from the averments, how the alleged acts of negligence caused or contributed to the injury of plaintiff; that it does not aver in what respect the locomotive and cars were improperly equipped; that it does not appear what degree of diligence was due by the defendant to the plaintiff's husband; that it does not appear that the plaintiff's husband was at or upon any public-road crossing, or so near thereto as to render the failure of the defendant to observe the statutory signal for public-road crossing negligence relatively to the plaintiff's husband; that it was not alleged in what respect the engineer was an incompetent or unfit person; nor does it appear in what manner the plaintiff's husband was free from fault, nor what care or diligence was exercised by him to avoid the injury, nor by what right or in what capacity he was upon the track at the time of the injury, nor how near he was to a public-road crossing, nor does it appear whether he was walking, sitting, standing, or lying upon the track, and the allegation that he was free from fault was merely the conclusion of the pleader. The demurrer was overruled, and the defendant filed exceptions pendente lite. The case proceeded to trial, and resulted in a verdict in favor of the plaintiff for $5,000. The motion for a new trial, filed by the defendant, was overruled; and in its bill of exceptions it assigns as error each of the rulings just stated. The plaintiff, while the suit was pending, intermarried with Brandenburg, and the suit is now proceeding under the name so acquired by her.

*Lawton & Cunningham* and *H. W. Johnson,* for plaintiff in error.

*Alfred Herrington, H. B. Strange,* and *Evans & Evans,* contra.

Cobb, P. J. (After stating the facts.) The special demurrer to the petition, as amended, raises numerous questions. We all agree that some of the grounds of the special demurrer were not well taken. We are not agreed as to the proper decision of other

questions raised by the demurrer. Those matters upon which we are agreed and which require special notice will be first dealt with. The special demurrer raises objection that the mere allegation that the deceased was free from fault is too general, and that the facts which show such freedom from fault should have been set out. In *Allen* v. *Augusta Factory,* 82 *Ga.* 76 (8 S. E. 68), Mr. Chief Justice Bleckley said: "The allegation that the deceased was without fault is too general and too much in the nature of a legal conclusion to serve as a substitute for the proper allegation of his want of knowledge." It is to be noted that in that case freedom from fault depended largely upon want of knowledge on the part of the plaintiff, and of course this was a matter peculiarly within the knowledge of the plaintiff himself, and therefore he should not be allowed to place himself behind merely a general allegation when it was so easy for him to make a specific averment. In the case of *Central R. Co.* v. *Hubbard,* 86 *Ga.* 623 (12 S. E. 1020), and *Georgia R. Co.* v. *Rayford,* 115 *Ga.* 937 (42 S. E. 234), it was held that as against a general demurrer an allegation that the plaintiff was without fault was sufficient. See, in this connection, *Pierce* v. *Seaboard Air-Line Ry.,* 122 *Ga.* 664 (50 S. E. 468). It is to be noted that in all of these cases the suit was by an employee or the widow of an employee against the master, Where a servant brings suit against a master to recover on account of an injury resulting from defective machinery, it is necessary to allege and prove that the defect was known to the master or should have been so known by the use of ordinary care, and that it was unknown to the employee, and that he had not equal means of knowing the danger. Civil Code, §2612. If the suit is by a railroad employee for a personal injury arising from the acts of fellow-servants, negligence on the part of the other employees and freedom from negligence on his own are both necessary, and these must be alleged. Civil Code, §2323. In these cases absence of knowledge or negligence is a part of the plaintiff's case, and must be alleged as such. But generally in other cases where suit is brought by one against a railroad company to recover for a personal injury, the plaintiff is not bound to allege his own freedom from fault. Want of ordinary care on his part is a matter of defense. Its negation is not essential to setting out the plaintiff's case. This being so, if the plaintiff

does allege that he was free from fault, such allegation is not subject to demurrer on the ground that it is too general, and fails to set out how and wherein he was not negligent. If a cause of action is duly alleged against the defendant, entire freedom from fault is not necessary to a recovery. It is only a failure to use ordinary care, where by such use the consequences of the defendant's negligence could have been avoided, which will prevent a recovery. If entire freedom from fault on the plaintiff's part is alleged, it is not necessary to prove it to make out a case in his favor. If, under the evidence, he is guilty of some negligence, but not enough to bar a recovery under the rule above stated, there may be a recovery, but the damages would be diminished in proportion to the negligence attributable to each. The allegation of the greater (entire freedom from fault) includes the less (partial freedom from fault). It is not necessary, therefore, to allege in detail how, why, and wherein the plaintiff was entirely free from fault. Besides, when it is alleged that one is guilty of no negligence whatever, this negatives all possible negligence. And it is not necessary to recite in detail all possible acts of negligence which he might have committed and then deny that he did each of such acts separately. To allege that one did nothing negligent is enough. It is not necessary to describe all possible negligence merely to deny that he committed it. So, if I should say that I did nothing, this would mean that I did not do anything or everything. It would not be any more complete if I should describe anything or everything and then add that I did not do it.

In the present case the allegation that the deceased was free from fault was an unnecessary averment. As it was unnecessary, the defendant certainly had no right to require any elaboration of the averment or any more detail in reference to the unnecessary allegation than the plaintiff saw fit to offer. If the case had been of a character where the averment was a necessary part of the plaintiff's case, then the defendant might have been entitled to more information as to the matter. The office of a special demurrer is to call for information which the defendant is entitled to have under the law. If the plaintiff makes an unnecessary allegation, the right of the defendant is generally either to have it stricken or require it to be proved, if the averment is of such a character as to be descriptive of the transaction in question. The

amendment to the petition contained a paragraph which alleged that the defendant was negligent "in failing to equip said train with brakes, or air-brakes, and other appliances necessary and requisite for the safe operation of such a train of cars and with- out which the employees and servants of such railway company could not have stopped said train after having become aware of the presence of the plaintiff's husband upon said track in suffi- cient time to. have stopped said train of cars had they been prop- erly equipped." This was sufficient to put the defendant on notice that the negligence claimed was the failure to equip its train with proper appliances for stopping the train, whatever those appliances might have been. It was notified that it would be required to defend this allegation of negligence in such way as to prove that the train was equipped with such appliances as rea- sonable diligence required it to use. Taking all of the aver- ments together, the effect of the charge of negligence against the defendant was that the train was equipped in such way that it could not be controlled and managed in an emergency such as faced it at the time that the presence of the deceased upon the track was discovered. The averments were sufficient to put the defendant on notice of what it was to answer; and if the train was equipped in the manner that the diligence required by law demanded, it could easily meet the charge of negligence referred to. The manner in which the train was equipped was more pe- culiarly within its own knowledge than the knowledge of the plaintiff, and the details as to the equipment come more prop- erly from it in response to the charge of negligence than they would from the plaintiff in the specification of negligence.

On the remaining questions which will be specially dealt with we are not agreed; and the views of the majority of the court will be stated as well as the views of the dissenting members. The special demurrer to the petition as amended raises the question that it did not show whether the deceased was walking, sitting, standing or lying upon the track, nor did it show any duty of diligence on the part of the defendant to the plaintiff's husband, nor what degree of diligence was owed, nor did it appear that the plaintiff's husband was at or upon a public-road crossing or so near thereto as rendered the failure on the part of the defendant to observe the statutory signals required at such places negligence

on its part relatively to the deceased, nor did it show by what right or in what capacity the deceased was upon the track at the time of the alleged injury. The views of the majority of the court on these matters are thus stated by them: In the second paragraph of the original petition it was alleged that the plaintiff's husband was killed by the careless and negligent running of the locomotive and cars of the defendant company, and 'in the fourth paragraph thereto it was alleged that he was wrongfully and wantonly run over and killed by the locomotive and cars of the defendant company. On the first trial of the case the special demurrers to the petition were overruled by the trial judge, and his judgment, in this respect, was reversed by this court in *Kemp* v. *Central Ry. Co.,* 122 *Ga.* 559 (50 S. E. 465), because the petition did not show, (1) whether the deceased was an employee, licensee, or trespasser, (2) whether the homicide was at a public crossing or at a point distant therefrom, or (3) whether the deceased was walking, standing, or lying on the track, and, if the latter, whether he was there voluntarily or because of some sudden access of sickness. In the amendment to the petition, filed before the remittitur was entered in the trial court, it was alleged that the homicide of the plaintiff's husband was caused by the negligent, reckless, and wanton acts of the agents and employees of the defendant company in the running of its locomotive and cars, which acts were, in a loose and general way, sought to be set out in the amendment. It is clear to our minds that the plaintiff did not intend, by the various allegations of negligence set forth in the amendment, to limit her alleged right to recover to a case wherein she relied solely upon the alleged wanton homicide of her husband, but she evidently endeavored to set out acts of negligence on the part of the defendant and its employees which caused the death of her husband, and which did not amount to wantonness, and upon which she relied for recovery. This being true, the amended petition was as much subject to special demurrer as the original petition, for failing to show by what right, or in what capacity, the plaintiff's husband was at or upon the defendant's railroad track at the time he was killed, whether the homicide was at a public crossing, and whether he was walking, standing, or lying upon the track. The rulings made in this case when it was formerly before this court are the law of this case and must control it.

Mr. Justice Atkinson and I can not agree to this view. In our opinion the petition is not subject to the objections referred to in the views of the majority above set forth. In the petition as it originally stood, it was material for the defense that there should be some information given by the pleader as to the position of the deceased on the track, but, under the amendment, this becomes no longer material. It is distinctly alleged that the servants in charge of the train had notice that the deceased was upon the track and that by the exercise of ordinary care they could have avoided killing him. The effect of the allegations is that they knew of his presence and used no effort whatever to prevent injury to him. If this was true, his death was the result of a wanton act. *Forrest* v. *Ga. R. Co.*, 128 *Ga.* 77 (57 S. E. 98); and cit. If the allegations of the petition as to the manner in which the deceased was killed are true, the defendant would be liable without reference to his position upon the track at the time of his death. The petition, in effect, charged that the agents and servants of the railway company wantonly and wilfully killed the deceased after they knew that he was upon the track in a place of danger. To say that this allegation is defective, for the reason that it did not allege whether he was walking, standing, or lying down, would be the equivalent of holding that an indictment for murder, which charged that the accused, with malice aforethought, did kill and murder a named person, was subject to special demurrer upon the ground that it did not appear whether he was walking, standing, or lying down at the time he was slain. The amendment alleged that the defendant was negligent because "the locomotive and cars of said defendant company which ran over and killed the plaintiff's husband were old and worn out and improperly equipped and not suited for the purpose for which they were used by said company, rendering them incapable of being managed or controlled in a way calculated to maintain the safety of the public, and in such a way as to have saved the life of the said Kemp even when his presence on the track and his imminent danger of being killed became known to the servants of said company on said train, and sufficient time before he was struck to have saved his life had said locomotive and cars been such as were reasonably suited for the purpose for which they were used, namely, that of a passenger-train." We do not agree as to the

proper construction of this paragraph. The majority of the court are of the opinion that, properly construed, the paragraph contains a general allegation .that the defendant was negligent in reference to the entire equipment of the train, and that when so construed the allegation is too general under the former rulings of this court. See *Hudgins* v. *Coca Cola Co.*, 122 *Ga.* 695 (50 S. E. 974), and cit.; *Seaboard Air-Line Ry.* v. *Olsen*, 123 *Ga.* 612 (51 S. E. 591); *Louisville & Nashville R. Co.* v. *Cody*, 119 *Ga.* 371 (46 S. E. 429); *Russell* v. *Central Ry. Co.*, 119 *Ga.* 705 (46 S. E. 858). Mr. Justice Atkinson and I are of the opinion that the paragraph, properly construed, is not an allegation of. negligence as to the equipment generally, but that it is a specific allegation that the train was not equipped with appliances necessary to stop the same. The majority think that the special demurrer should have been sustained; but Mr. Justice Atkinson and I are of contrary views, for the reasons stated. The numerous other grounds of special demurrer do not require any special notice. We are all of the opinion that they are without merit.

*Judgment reversed. Fish, C. J., and Lumpkin and Beck, JJ., concur. Cobb, P. J., and Atkinson, J., dissent. Evans, J., disqualified.*