### 3966. HARPER *et al. v.* PEEPLES.

HILL, C. J. 1. As repeatedly held by the Supreme Court of this State and this court, the failure of counsel to observe the rules of the court, applicable to furnishing and filing briefs, is not cause for dismissal of the writ of error.

2. Where a promissory note, made payable to the Merchants & Farmers Bank or bearer, is sued upon by the holder thereof, it is unnecessary to allege where the Merchants & Farmers Bank is located, or what particular Merchants & Farmers Bank is referred to as the payee of the note, although there may be a number of banks known as the Merchants & Farmers Bank. Nor is it necessary to allege when and where the holder of the note purchased it from the bank, or the amount or value paid for the note. "The holder of a note is presumed to be such bona fide, and for value." Civil Code (1910), § 4288. Neither is it necessary to allege and prove the indorsement or assignment of a negotiable note, when the same is sued on by the holder thereof, unless the indorsement or assignment is denied on oath. Civil Code (1910), § 4299. In the present case, the note being payable to a named payee or bearer, no indorsement or assignment was necessary to pass the title. *Judgment affirmed.*

DECIDED MAY 22, 1912.

Complaint; from city court of Nashville—Judge Buie. October 13, 1911.

T. M. Peeples sued E. G. Solomons and J. J. Harper, as makers, for the amount of a promissory note payable to the Merchants and Farmers Bank or bearer (a copy of which was attached to the petition), alleging that the note was the plaintiff's property. The defendants demurred as follows: (1) The petition does not state where the Merchants and Farmers Bank is located, or to which particular Merchants and Farmers Bank it refers. (2) The petition does not state when and where the plaintiff purchased the

note from the bank, or the amount and value paid for it, if any. It does not affirmatively appear that the plaintiff purchased the note for value, before maturity. and without notice of the defense. (3) It does not affirmatively appear that the plaintiff had the title and was the owner of the note at the time it was sued upon, and is now the owner. The court overruled the demurrer, and the defendants excepted.

When the case was called in this court a motion was made to dismiss the writ of error, because counsel for the plaintiffs in error had not served counsel for the defendant in error with a copy of their brief or written argument, as required by rule of court (Civil Code of 1910, § 6339).

*Hendricks & Christian, H. J. Quincey, Walter M. Rogers,* for plaintiffs in error.

*J. A. Alexander, W. G. Harrison,* contra.