*James L. Dowling,* contra.

---

## LAMB, receiver, *v.* HALL.

1. In a suit for personal injuries, brought by a person other than an employee of a railroad company, it is not necessary for the plaintiff to allege negatively that he was not wanting in ordinary care, or to show why he could not by the exercise of ordinary care have avoided the alleged injury.

(*a*) The allegations of the petition did not show affirmatively that the plaintiff was wanting in the exercise of ordinary care for his own safety at the time of the alleged injury.

2. In a suit against the receiver of a railroad company, the petition alleged, that the plaintiff was a car-inspector for another railway, the engines and cars of which, by arrangement with the owning company, ran into a certain city over its tracks; that a car of a third company had thus been brought to the city by the railway employing the plain-

tiff; that as car-inspector, and in the course of his duty, he had been at work on such car, and after having completed such work, while the car was still 'standing on the side-track of the owning company, and while the plaintiff was crossing the track in the rear of the car, which was attached to four other cars, an engine of the owning company, operated by the employees of the receiver, negligently struck the standing cars, causing them to move quickly toward the plaintiff and to injure him. By amendment it was alleged, that the plaintiff was free from fault, and was in his proper place; that it was necessary and customary for him to be at the place where he was in the performance of his duties; and that this was one of the usual places in which he had to be in order to perform his duties. It was also alleged that he had completed work on the car above mentioned about an hour and a half before he was injured, and had been about his other duties during that time. *Held*, that the allegation in regard to the plaintiff's being at his proper place, where it was necessary and customary for him to be in the discharge of his duty, and that it was one of the usual places in which he had to be in order to perform his duties, was subject to special demurrer on the ground that it failed to set out what was the duty of the plaintiff which required him to be at the place where he was injured at any time, or at the particular time of the injury.

3. Except as above indicated, the grounds of the demurrer were without merit.

JUNE 14, 1916.

Action for damages. Before Judge Thomas. Colquitt superior court. July 27, 1915.

*Wilkes & Dewberry, J. H. Merrill,* and *Stiles Hopkins,* for plaintiff in error. *Shipp & Kline,* contra.

LUMPKIN, J. Herbert Hall brought an action for damages against E. T. Lamb, as receiver of the Atlanta, Birmingham and Atlantic Railroad Company. A demurrer to the petition was filed; and an amendment was made. The defendant again demurred. The demurrer was overruled, and a bill of exceptions pendente lite was filed. A verdict was rendered in favor of the plaintiff. A motion for new trial was overruled, and the defendant excepted.

1. Only two questions raised by the demurrer need be discussed. The first is, that the petition failed to show that the plaintiff was in the exercise of ordinary care for his own safety at the time of the alleged injury, and failed to show why he could not by the exercise of ordinary care have avoided the alleged injury. In a suit for a personal injury, brought by a person other than an employee of a railroad company, it has not been held necessary in this State for the plaintiff to allege negatively that he did not cause the injury to himself by his own negligence, or why he could not by the use of

ordinary care have avoided the alleged injury. If it appeared affirmatively from the allegations that the plaintiff caused the injury by his own negligence, or could have avoided the consequences of the defendant's negligence by the use of ordinary care, and failed to do so, this would furnish ground for demurrer; but such is not the case here. If the plaintiff alleged generally that he was free from fault, this was not subject to demurrer. Otherwise such matters are defensive in character. Deering's Law of Negligence, § 400; 3 Lawson's Rights, Remedies, and Practice, § 1216; Pierce on Railroads, 322; Shearman & Redfield's Law of Negligence, § 109. *City Council of Augusta* v. *Hudson,* 88 *Ga.* 599 (3), 600 (15 S. E. 678); *Central of Ga. Ry. Co.* v. *Brandenburg,* 129 *Ga.* 115, 118, 119 (58 S. E. 658).

The present suit was not brought by an injured employee of a common carrier by railroad against his employer; and therefore it is unnecessary to discuss the effect of the act of 1909 (Civil Code of 1910, § 2782), or the law relating to such a case as it stood prior to that act. In this case there was a general averment of freedom from fault on the part of the plaintiff.

2. The second point raised by the demurrer which we deem it necessary to discuss is this: In the original petition the plaintiff alleged that he was a car-inspector employed by the Georgia and Florida Railway; that, by an arrangement between that company and the Atlanta, Birmingham and Atlantic Railroad Company, the engines and cars of the former ran into the city of Moultrie over the tracks of the latter from a point about two miles east of the city; that on the day of the injury, as such car-inspector and in the course of his duty, he had been at work on a car of the Wabash Railroad Company, which had been brought to Moultrie by the Georgia and Florida Railway, over the tracks of the Atlanta, Birmingham and Atlantic Railroad Company; that after he had completed his work on the car, and while it was still standing on the side-track of the last-named company at its yards in Moultrie, and while he was crossing the track in the rear of the car mentioned, which was attached to four other cars, an engine of the Atlanta, Birmingham and Atlantic Railroad Company, which was run at a reckless and unnecessary rate of speed, struck the cars with great force, causing them to run back and injure him. There were other allegations unnecessary to be set out. By amendment

the following allegations were made: "Plaintiff shows that he was free from fault, was in his proper place; that it was necessary and customary for him to be at the place where he was in the performance of his duty. This was one of the usual places in which plaintiff had to be in order to perform his duties. Plaintiff had completed the work that he did on the Wabash car, mentioned in paragraph 5 of the petition, about an hour and a half, and had been about his other duties during said hour and a half prior to the injury." The demurrer raised the point that the amended petition failed to set out what was the duty which the plaintiff alleged required him at any time to be at the place where he was injured, and that it failed to show what duty required him to be there at the particular time of the injury. And it was urged that it was necessary for the defendant to know this in order to prepare his defense.

This point was well taken. It might be inferred from the allegations of the original petition that the plaintiff was injured immediately after he had finished his work upon the car mentioned. The amendment alleged that he had finished such work an hour and a half before he was injured. So far as this car was concerned, therefore, the amended petition showed no duty on his part to be at that place at the time of the injury, or that he was properly there. It was alleged that he was a car-inspector. It was not alleged that he was inspecting any car, or was discharging any particular duty at the time of the injury, or in fact what business he had which required or authorized him to be upon the track of the Atlanta, Birmingham and Atlantic Railroad Company at that time. Mere general allegations that he was in the proper place, and that it was necessary and customary for him to be there in the performance of his duty, and that this was one of the usual places in which he had to be in order to perform his duties, were not sufficient as against a special demurrer which called upon him to show what duties rendered it necessary or proper for him to be at that place (which was upon the railroad track) generally or at that particular time. This was not a mere useless call for details, but was a matter of importance to the defendant in preparing his defense. Had the plaintiff met this demurrer by proper allegations, the defendant could have investigated their correctness, and, if he believed them incorrect, have sought to produce evidence to

disprove them. But he was not furnished an opportunity to do this by the vague and general allegations in regard to the plaintiff being at a proper place where he had a right to be in the discharge of unmentioned duties.

The error is one of such materiality that a reversal must result. This being so, it is unnecessary to consider the motion for a new trial. Had the plaintiff amended his petition by giving sufficient opportunity for the defendant to prepare his case, we can not know that the trial would have proceeded as it did, or that the questions raised by the motion for a new trial would have been the same as those now made. See, in this connection, *Savannah, Florida & Western Ry. Co.* v. *Chaney,* 101 *Ga.* 420 (28 S. E. 1001).

3. Except as above indicated, the grounds of the demurrer are without merit. But that above held to be good goes to the vitals of the case. The reversal based on the demurrer necessarily renders the trial nugatory.

*Judgment reversed. All the Justices concur.*