12510. MAYOR AND ALDERMEN OF SAVANNAH *v.* WATERS.

JENKINS, P. J. 1. Negligence by the driver of a private vehicle, contributing to the injury of a person riding therein by invitation, is not imputable to the injured person, unless it is made to appear that the injured person owned the vehicle, or had some agency or concern in its operation, such as that the driver was his servant or agent, or that the two were at the time engaged in a joint enterprise for their common benefit, or unless he otherwise had some right, or was under some duty, to control or influence the driver's conduct, such as might arise from the obvious or known incompetency of the driver, resulting from drunkenness or other cause. Civil Code (1910), § 3475; *Roach* v. *Western & Atlantic R. Co.*, 93 *Ga.* 785 (4), 786 (21 S. E. 67); *Metropolitan R. Co.* v. *Powell*, 89 *Ga.* 601 (7), 602 (16 S. E. 118); *Adamson* v. *McEwen*, 12 *Ga. App.* 510 (77 S. E. 591); *Wilkinson* v. *Bray*, 27 *Ga. App.* 277 (108 S. E. 133, 134); Christopherson *v.* Minn. Ry., 28 N. Dak. 128 (147 N. W. 791, L. R. A. 1915A, 761, Ann. Cas. 1916E, 683).

2. It not being incumbent upon the injured person, in an action for damages in such a case, to allege his own freedom from fault or negligence (*Lamb* v. *Hall*, 145 *Ga.* 331, 89 S. E. 193; *Central Ry. Co.* v. *Brandenburg*, 129 *Ga.* 115, 118, 58 S. E. 658; *Ga. Midland & Gulf R. Co.* v. *Evans*, 87 *Ga.* 673, 13 S. E. 580; *Fisher Motor Car Co.* v. *Seymour*, 9 *Ga. App.* 465, 71 S. E. 764), *a fortiori*, it was unnecessary for the plaintiff in the present case to negative any such negligence by the driver of the car in which the plaintiff was riding at the time of the alleged injury, or to negative any relationship between them, under which negligence of the driver, had it existed, would have been imputable to the plaintiff. Since the petition does not affirmatively show any contributory negligence on the part of the plaintiff, or any negligence on the part of the driver together with any fact or circumstance which would render the plaintiff liable for any such negligence, the judge did not err in overruling the demurrers.

Judgment affirmed. *Stephens and Hill, JJ., concur.*
DECIDED DECEMBER 14, 1921.

Action for damages; from Chatham superior court — Judge Meldrim. April 15, 1921.

Mrs. Waters sued the mayor and aldermen of Savannah for damages, alleging, in brief, that an automobile in which she was seated, and which was being driven at night by Mr. Edgar Moler at the moderate rate of speed of about eight or ten miles an hour in a named street of that city, went into a gully in a described part of the street, and, before the driver could recover from the shock, went into another and deeper gully, and she was thrown from the automobile and suffered consequent injuries described; that the gullies had been worn and washed across the roadway and had been there long enough to put the city on notice of their existence, to wit, for more than a month; that no light, barricade, or other protection had been placed there to apprise drivers of the danger;

that her injuries were caused by the defendant's negligence, (1) be-
cause the defendant did not furnish a safe and suitable street for
the driving of an automobile, and (2) because the defendant had
permitted the street at that point to become dangerous to persons
driving an automobile; and that the plaintiff was in the exercise of
all ordinary and reasonable care and diligence, and did not know
of the dangers and defects in the street, and could not have as-
certained them in the exercise of ordinary care. Compliance with
the statutory requirement as to notice of her claim was alleged.

The defendant demurred to the petition generally, and on
special grounds, attacking the allegations as to damages as insuffi-
cient, and contending that the allegations as to negligence of the
defendant were a mere conclusion of the pleader, and that the
paragraph as to the care exercised by the plaintiff was insufficient,.
because there was no allegation that the driver exercised such
care, or did not know of the alleged defect or could not have dis-
covered it in the exercise of ordinary care.

*Shelby Myrick, Edwin A. Cohen,* for plaintiff in error.
*Oliver & Oliver, John Z. Ryan,* contra.