13184, 13185.   CITIZENS FIRST NATIONAL BANK *v.* WILSON; and *vice versa.*

1. Under the rulings of the Supreme Court, reviewing on certiorari the judgment of this court in affirming the judgment of the lower court on the main bill of exceptions and in dismissing the cross-bill, these judgments must be vacated and set aside; and in lieu of the former decision and opinion of this court (28 *Ga. App.* 524, 111 S. E. 821), the decision of the Supreme Court (155 *Ga.* 321, 116 S. E. 316) is adopted, as follows: " Where B sued on a note payable to A or order as the holder thereof, and in his petition alleged that the transfer was in writing on a separate paper attached to the note, the petition showed a legal title in the plaintiff, and he could maintain a suit on the note, and such petition was not open to attack by general demurrer. Upon special demurrer calling for the date of the transfer and the time of attaching the paper to the note, he would have been entitled to that information."
   " The allegation that the note was duly transferred was a sufficient allegation as against a general demurrer that it had been transferred prior to the suit, in full compliance with the law," but not as against a special demurrer demanding the information above mentioned.

2. In accordance with the foregoing, the judgment of the trial court, dismissing the petition upon the oral motion in the nature of a general demurrer, and overruling in part the special demurrer, must be reversed.

                    DECIDED MAY 21, 1923.

Complaint; from city court of Albany — Judge Clayton Jones. December 12, 1919.

*Milner & Farkas,* for plaintiff.

*Lippitt & Burt,* for defendant.

BELL, J.   This was a suit by the Citizens First National Bank of Albany, Georgia, against G. I. Wilson, upon a series of promissory notes signed by him as the maker and payable to the order of Chal-Max Motor Company.   There were thirteen of the notes,

all bearing date of September 15, 1920. One of the notes was for the sum of $100 and matured on October 15, 1920. The others were for $50 each, maturing on November 1, 1920, and on the first day of each succeeding month thereafter respectively until all of the notes matured. The notes were identical except as to the amount and the date of maturity. Paragraph 4 of the petition alleged: " Said notes are past due and unpaid, and were duly transferred to the Citizens First National Bank of Albany, Ga." An amendment to this paragraph was subsequently allowed, averring as follows: " Said transfer being on an independent and separate piece of paper attached to said notes, a copy of which is hereto attached marked Exhibit " C " and is hereby made a part of this amendment, and leave of reference is prayed thereto whenever deemed necessary and proper."

" Exhibit ' C.' "

" Georgia, Fulton County.

" Chal-Max Motor Company hereby and by these presents transfers, assigns, and conveys to the Citizens First National Bank of Albany, Georgia, the following notes, to wit: One note dated 9-15-20, for the sum of $100.00 due October 15, 1920. One note dated 9-15-20, for $50, due November 1, 1920. One note dated 9-15-20, for $50 due December 1, 1920. One note dated 9-15-20, for $50 due January 1, 1921. One note dated 9-15-20, for $50 due February 1, 1921. One note dated 9-15-20, for $50 due March 1, 1921. One note dated 9-15-20, for $50 due April 1, 1921. One note dated 9-15-20, for $50 due May 1, 1921. One note dated 9-15-20, for $50 due June 1, 1921. One note dated 9-15-20, for $50 due July 1, 1921. One note dated 9-15-20, for $50 due August 1, 1921. One note dated 9-15-20, for $50 due September 1, 1921. One note dated 9-15-20, for $50 due October 1, 1921. All of said notes being signed by G. I. Wilson and payable to the order of the Chal-Max Motor Company.

" Chal-Max Motor Car Company,<br>by John F. Burke."

Thereupon the defendant " moved to dismiss the amended petition of plaintiff in said case, for the reason that the legal title to said notes was not in the Citizens First National Bank of Albany, Ga.; therefore the Citizens First National Bank of Albany, Ga., could not be party plaintiff." He also " objected to the

allowing of said amendment, and filed written objections and a special demurrer thereto," in form as follows:

" 1. That said amendment is insufficient in law and should be stricken, in that the transfer referred to in said amendment is not dated; and neither in said amendment nor in said entire petition is the date of the transfer named or alleged, nor is it alleged anywhere in said petition or amendment when said transfer was given, nor the date of same, nor when said transfer was attached to the notes; and defendant by this his special demurrer calls for the date of said transfer, calls for the date when said transfer was signed, and calls for the date when said transfer was attached to the notes; and for these and each of these reasons says that the same is insufficient in law and should be stricken.

" 2. Defendant files this his legal objection to the allowance of said amendment, and this his special demurrer, and says that the same does not affirmatively show that said transfer was made at the time of the delivery of said notes by said Chal-Max Motor Company to said Citizens First National Bank, and said petition as amended does not allege said notes were attached to said transfer at the time said notes were delivered by said Chal-Max Motor Company to said Citizens First National Bank, nor does said petition as amended show when said transfer was made, nor said notes and said transfer were attached together at the time of the institution of this suit. Therefore said transfer is insufficient in law and should be stricken.

" 3. Defendant files this his special demurrer to said amendment and to the allowance of same, and says that the entire petition shows that the legal title to said notes is in the Chal-Max Motor Company and not in the Citizens First National Bank, and therefore the entire petition is insufficient in law and should be stricken, upon the ground that same sets forth no cause of action against this defendant."

The oral motion to dismiss was sustained, but the " special demurrer " was overruled. The plaintiff, in a direct bill of exceptions, assigned error upon the former ruling, while the latter was assigned as error by the defendant in a cross-bill. This court affirmed the judgment of the lower court upon the main bill of exceptions and dismissed the cross-bill (28 *Ga. App.* 524, 111 S.

E. 821). The Supreme Court, upon certiorari granted at the instance of the Citizens First National Bank, reviewed and reversed these judgments, which now, in consonance with the Supreme Court's decision, must be vacated; and in lieu of our former opinion we substitute the Supreme Court's decision as quoted in headnote 1 above. Accordingly, we hold that the lower court erred in sustaining the motion to dismiss the petition, but should have sustained that part of the "special demurrer calling for the date of the transfer and the time of attaching the paper to the note."

See *Allen* v. *Commercial Credit Co.,* answer to certified question, 155 *Ga.* 545 (117 S. E. 650); same case, post, 377.

*Judgment reversed on both bills of exceptions. Jenkins, P. J., and Stephens, J., concur.*