18376. WHITFIELD *v.* COHUTTA BANKING COMPANY.

BELL, J. 1. The negotiable character of an unconditional promissory note due on a date named is not destroyed by a stipulation therein that "time may be extended without notice to any of the sureties of this note." Such stipulation expresses no agreement to extend the maturity for a certain or an uncertain time, but leaves the matter optional with the holder or open to subsequent agreement between him and the maker, so that he may demand payment at the time specified. In such a case the stipulation does not affect the time of payment as fixed in the instrument, nor in anywise impair its negotiability. This ruling is deemed to be in accord with the sounder doctrine, although there is a conflict of authority upon the question.

(*a*) Moreover, the sole purpose of the stipulation in this case was evidently to prevent the discharge of sureties, if there were any, in the event of an extension by the holder; and since the particular note was signd only by the maker, there being no sureties, the stipulation was immaterial.

(*b*) See in this connection, First National Bank *v.* Stover, 21 New Mex. 453 (155 Pac. 905, L. R. A. 1916D, 1280, Ann. Cas. 1918B, 145); Stitzel *v.* Miller, 250 Ill. 72 (95 N. E. 53, 34 L. R. A. (N. S.) 1004, Ann. Cas. 1912B, 412).

2. Where a person signs an instrument in the form of a promissory note, payable to "self," and then indorses it in blank, it is thereafter transferable by delivery, and the indorsement, so long as it continues in blank, makes the note, in effect, payable to bearer. Possession of such an instrument is presumptive evidence of title. *South* v. *People's Bank,* 4 *Ga. App.* 92 (2) (60 S. E. 1015).

3. The holder of a negotiable instrument bearing an undated blank indorsement is presumed to have acquired it before maturity and to be a bona fide holder for value. *Bothell* v. *Whitley,* 3 *Ga. App.* 755 (3) (60 S. E. 371); *Baskins* v. *Valdosta Bank,* 5 *Ga. App.* 600 (63 S. E. 648); *Butler* v. *First National Bank of Greenville,* 13 *Ga. App.* 35 (3) (78 S. E. 772); *Nell* v. *Snowden,* 5 *Ga.* 1 (2); *Roswell Mfg. Co.* v. *Hudson Co.,* 72 *Ga.* 24; Civil Code (1910), § 4288; *Brantley* v. *Merchants &c. Bank,* 22 *Ga. App.* 667 (97 S. E. 109). Hence, in a suit by such a holder against the maker, the burden is not upon the plaintiff to allege or prove that he acquired the note prior to maturity, or to show the date on which he did acquire it. If the plaintiff obtained the note after maturity, the onus of showing this fact would rest upon the defendant, where material to a defense pleaded by him. *Hicks* v. *Hamilton,* 3 *Ga. App.* 112 (59 S. E. 331); *Harper* v. *Peeples,* 11 *Ga. App.* 161 (2) (74 S. E. 1008); *Harrell* v. *National Bank of Commerce,* 128 *Ga.* 504 (57 S. E. 869); 8 C. J. 893. Compare *Breman* v. *Rodbell,* 31 *Ga. App.* 358 (126 S. E. 97); *Central R. Co.* v. *Brandenberg,* 129 *Ga.* 119 (58 S. E.

658) ; *Edwards* v. *Camp*, 29 *Ga. App.* 556 (2) (116 S. E. 210) ; 2 Dan. Neg. Inst. (6th ed.) 831, 926, §§ 728, 784. This case is unlike the case of *Citizens First National Bank* v. *Wilson*, 155 *Ga.* 321 (116 S. E. 316), s. c., 30 *Ga. App.* 295 (117 S. E. 827). In that case the notes were not indorsed but were transferred by a separate paper attached to the note; and there is a material difference between an assignment of that character and a regular indorsement. See *Haug* v. *Riley*, 101 *Ga.* 372 (2) (29 S. E. 44, 40 L. R. A. 244) ; 1 Daniel Neg. Inst. (6th ed.) 761, 762, §§ 688 (b), 688 (c) ; 8 C. J. 384, 388, §§ 568, 575.

4. Applying the above principles, the court did not err in overruling the general and special demurrers to the plaintiff's petition.

5. The exceptions by the plaintiff in error are only to the judgment overruling the demurrers to the petition and to a judgment striking the defendant's plea. There was no final verdict or judgment. While the defendant had the right to bring to this court a bill of exceptions to review the judgment overruling the general demurrer to the petition, yet since there has been no final judgment, he could not in the same bill of exceptions properly except also to the judgment striking the answer. *Chatham Motor Co.* v. *Lincoln Motor Co.*, 31 *Ga. App.* 229 (2) (120 S. E. 444) ; *Brown* v. *Marbutt Lumber Co.*, 34 *Ga. App.* 348, 350 (129 S. E. 575).

6. The note sued on was executed prior to the passage of the uniform negotiable instruments act of August 18, 1924, and no question as to the construction of that act is raised or passed upon.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 27, 1928. REHEARING DENIED JUNE 16, 1928.

*Maddox, Maddox & Mitchell,* for plaintiff in error.

*J. A. McFarland,* contra.