## 19309. SALMON v. ROGERS.

74

DECIDED JUNE 27, 1929.

*Wright, Wright & Covington,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

LUKE, J.   The petition in this case is substantially as follows:

1.   The defendant, W. A. Rogers, is a resident of Floyd county.

2.   Defendant has damaged the plaintiff in the sum of $10,-000.

3.   On December 22, 1927, the plaintiff was driving a Ford coupé in a westerly or southwesterly direction along Second Avenue, in the City of Rome, at a point where said avenue is intersected by East Ninth Street.

4.   As the plaintiff reached said point, the defendant's automobile, coming from a southerly direction on East Ninth Street, ran into the side of the plaintiff's automobile and turned it over three or four times.

5.   An ordinance of the City of Rome makes Second Avenue a "through street," gives traffic thereon the right of way, and requires automobiles entering or crossing the avenue to stop before so doing.

6.,   Defendant failed to obey said ordinance, and entered said avenue at a speed of twenty or twenty-five miles per hour.

7.   At the southeast corner of the intersection of said streets there is a bank some six feet high, which "shuts off the view of traffic of vehicles coming northerly along East Ninth Street on the southerly side of Second Avenue from vehicles going westerly along Second Avenue," which made disregard of such ordinance particularly dangerous.

8.   Defendant ran into the plaintiff's automobile when the plain-

tiff was "at least four feet north of the centre line of Second Avenue," the defendant's car striking the plaintiff's car on the left side and about the centre thereof, turning it over three or four times and knocking it off the street and onto the sidewalk.

9. Plaintiff was seriously injured, and was put to an expense of $520.95 for hospital bill, doctor's bill, and nursing.

10. Plaintiff suffered, and still suffers, great pain, was permanently injured, and his earning capacity "will be permanently impaired to at least one half."

11. Plaintiff was thirty-seven years old, ablebodied, and was earning $2500 a year.

Defendant's demurrer to the petition is substantially as follows: (1) The petition sets forth no cause of action. (2) The petition does not show that the plaintiff was in the exercise of ordinary care, or that the collision could not have been avoided by the exercise of such care on his part. (3) The petition fails to allege the speed at which the plaintiff was driving when he approached, and when he attempted to pass over, the intersection of said streets. (4) The petition fails to allege that in approaching and passing over the intersection of said streets the plaintiff was complying with the State or city speed laws. (5) The "traffic ordinances of the City of Rome" are not set out in the petition.

On September 21, 1928, the following judgment was passed: "After argument the plaintiff is allowed ten days to amend the petition to meet the grounds of the second, third, fourth, and fifth grounds of the within demurrer; otherwise, and, unless so amended, said demurrer is sustained and the petition dismissed." The bill of exceptions recites: "To this ruling and order of the court, sustaining the second, third, and fourth grounds of said demurrer, plaintiff in error excepted, now excepts, and assigns the same as error." On October 1, 1928, an amendment to the petition was "allowed subject to demurrer." That amendment is substantially as follows: 1. "Plaintiff alleges and shows that at the time of the collision set forth in said original petition, your petitioner was proceeding in said Ford automobile in a westerly direction, and that petitioner was driving said automobile and was proceeding on the right-hand side of said Second Avenue. Said collision occurred at the intersection of said Second Avenue with said East Ninth Street, the point where said collision occurred being just

north of the centre line of said Second Avenue." 2. Here the traffic ordinance of the City of Rome is set out. 3. "Petitioner further shows and alleges that at the time of said collision he was in the exercise of ordinary care, and said collision was caused by the negligence of the defendant, which negligence could not have been avoided by the exercise of ordinary care."

On October 15, 1928, the court passed the following order: "On motion for attorneys for defendant, after amendment by plaintiff, plaintiff's original petition as amended is dismissed, it being the opinion of the court that the amendment does not meet the demurrer."

As the first order of the court was made on September 21, 1928, and the second order on October 15, 1928, and the writ of error bears date of October 19, 1928, the direct exceptions to both orders were brought in due time. See Civil Code (1910), § 6152.

"It is well settled that where a party submits to a ruling on pleadings by filing an amendment to meet an objection raised thereto, he waives his right to complain that the amendment was not necessary." *Clark* v. *Long, 25 Ga. App.* 807, 808 (105 ·S. E. 654). The foregoing principle has been ruled so frequently that further citations of authority are unnecessary. However, we see nothing in any decision which would indicate that when, as in this case, a pleader acknowledges two grounds of a demurrer to be good by amending to meet them, and denies the validity of two other grounds of the demurrer by declining to amend to meet them, he is estopped from raising by timely direct exceptions, first, the question whether the defects pointed out by the two first grounds of the demurrer are cured by amendment, and, second, whether the petition was good as against the last two grounds of the demurrer without amendment.

The questions presented here for decision are these: (1) Did the amendments offered cure the defects pointed out by grounds 2 and 5 of the demurrer? (2) Was the original petition good as against grounds 3 and 4? Unquestionably ground 5 of the demurrer was met by setting out a copy of the speed ordinances of the City of Rome. We are likewise of the opinion that the amendment to the petition met ground 2 of the demurrer. By the amendment the plaintiff alleged: that he was in the exercise of ordinary care at the time of the collision; that the negligence of the defendant

caused the collision; and that the plaintiff could not have avoided said negligence by the exercise of ordinary care. See, in this connection, *Lamb* v. *Hall*, 145 *Ga.* 331, 333 (89 S. E. 193), where it was said: "If the plaintiff alleged generally that he was free from fault, this was not subject to demurrer."

We come now to the two grounds of the demurrer which the plaintiff made no attempt to meet by amendment. Bearing in mind that the action is based primarily upon the alleged negligence of the defendant in failing to bring his automobile to a stop as required by the ordinance of the City of Rome, we are of the opinion that it was not necessary for the plaintiff to allege at what rate of speed he was running. The pleader alleged what he deemed to be the negligence which was the proximate cause of the collision, to wit, the violation by the defendant of the ordinance of the City of Rome, and we do not think it was necessary for him to set out the speed at which he was traveling. If the defendant deemed that the plaintiff's speed was a proper defensive matter, he should have pleaded it. See *City Council of Augusta* v. *Hudson*, 88 *Ga.* 599 (3) (15 S. E. 678), where it was said: "The plaintiff, having proved his injury and the negligence of the defendant by which it was caused, made out a prima facie case. Whether or not by the exercise of proper diligence he could have prevented the injury, was a matter of defense. Of course, a thing which does not have to be proved need not be alleged." Again, "One who seeks to recover for the negligence of another is not required to negative contributory negligence on his part." *Fisher Motor Car Co.* v. *Seymour*, 9 *Ga. App.* 465 (71 S. E. 764). In *Great Cosmopolitan Shows* v. *Petty*, 7 *Ga. App.* 236, 237 (66 S. E. 624), this language appears: "Except in cases of railway employees injured by the negligence of fellow servants and suing under our statutes governing that subject, contributory negligence is an affirmative defense, and it is generally not necessary for the plaintiff to negative its existence in his petition." See also *Lamb* v. *Hall*, supra, and *Central of Ga. Ry. Co.* v. *Brandenburg*, 129 *Ga.* 115 (58 S. E. 658).

Under the principle announced in the foregoing authorities, we are satisfied that it was not necessary for the plaintiff to allege that in approaching and passing over the intersection of the two streets he was complying with the motor-vehicle laws of Georgia, or

with the ordinances of the City of Rome. If he was not, these were defensive matters.

Therefore, the trial judge erred as herein indicated, and the petition as amended should not have been dismissed.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., dissents.*