## 20731. IDLE HOUR CLUB *v.* ROBINSON.

JENKINS, P. J. 1. In the instant suit for damages on account of injuries sustained by the plaintiff when his motorcycle collided with an automobile-truck of the defendant, a cause of action was stated by the petition, which alleged that the plaintiff was undertaking to pass and had drawn alongside and on the left side of the truck, when the driver of the truck, suddenly, and without holding out or extending his hand or arm, and without giving any warning, turned the truck to the left of the

street along which both vehicles were traveling and directly in front of the plaintiff's motorcycle, with the apparent purpose of entering an intersecting street, thereby crowding the plaintiff to the extreme left-hand side of the street, and causing the motorcycle to collide violently with the side of the truck, inflicting the injuries sued for, it being charged in the petition that the driver was negligent in failing to go beyond the center of the street when making such turn to the left, in failing to signal his intention of turning to the left, and in failing to look behind the truck or to heed the signal given him by the plaintiff before turning to the left. The court therefore did not err in overruling the general demurrer.

(a) The petition, in so far as it was subject to special demurrer for not setting forth the city ordinances which it was alleged the driver of the truck violated, was cured by amendment.

(b) Since the judge, in his charge to the jury, expressly eliminated from their consideration as a ground of negligence any failure of the driver of the truck to look back before turning into the intersecting street, the overruling of the special demurrer on the ground that no duty to look back rested upon the driver of the truck, could not have been harmful to the defendant. Moreover, it could not be said as a matter of law that a jury would be unauthorized, under any and all circumstances, to find that the failure of the driver of a motor-vehicle to look back, before turning to the left at a street intersection without signaling his intention so to do, amounted to a lack of ordinary care, as a matter of fact.

2. "The duty of construing a pertinent city ordinance which has been introduced in evidence, and of explaining its meaning to the jury, devolves upon the judge." *Columbus* v. *Ogletree*, 102 *Ga.* 293 (2) (29 S. E. 749). City ordinances are to have a reasonable construction. *Moore* v. *Thomasville*, 17 *Ga. App.* 285 (3) (86 S. E. 641). A city ordinance providing that "any person operating or driving any vehicle, when turning into a street to the right shall keep close to the right-hand curb, and when turning into the street to the left shall swing wide of the left curb, passing beyond the center of the intersecting street," reasonably construed, means that the driver of a vehicle turning to the left into an intersecting street should, in making such turn, swing wide of the left curb and pass beyond the center of the intersecting street before turning his vehicle into the intersecting street. Accordingly, in the instant case the court did not err in instructing the jury that if the driver of the defendant's truck cut diagonally across the street along which he was traveling, in order to reach the intersecting street into which he was about to turn, without waiting until he reached the intersection, he would be guilty of negligence per se in violating such city ordinance.

3. In view of the allegations of the petition and the testimony of the plaintiff to the effect that the driver of the defendant's truck started turning about twenty feet before reaching the street intersection, and his further testimony that he drew alongside the truck and on the left side before it reached the intersecting street, and blew his horn to pass, and that just before reaching the intersection the driver of the truck

"cut to the corner," the charge of the court, in stating the contentions of the parties, that "the plaintiff contends he attempted to pass the truck before reaching" the intersecting street, was not erroneous.

4. The charge of the court that the plaintiff contended he could have passed the truck before getting to the street intersection had not the truck, without any notice or warning, turned to the left and forced him on the sidewalk before he reached the intersection, was not erroneous as misstating the contentions of the plaintiff, but was in line with the allegations of the petition and the testimony on behalf of the plaintiff.

5. After instructing the jury in effect that the plaintiff could not legally undertake to pass the truck of the defendant at a street intersection, and after instructing them with reference to the duty, resting upon the driver of a vehicle overtaking another going in the same direction, to pass to the left of the vehicle overtaken, "provided that the way is clear of approaching traffic," and after stating to the jury the contentions of the parties as made by the evidence, i. e., that the plaintiff contended he was undertaking to pass the truck before reaching the street intersection, and the defendant contended he was undertaking to pass at the street intersection, the court charged the jury as follows: "The plaintiff contends that there was not anything ahead to prevent him from passing, and if the truck had not negligently turned to the left he would have passed; and the defendant contends there was traffic on both sides, some vehicles parked on one side or the other, and that there was not a clear way and he ought not have tried to pass even if passage was attempted before he got to" the intersecting street. While the plaintiff did testify that the driver of the truck was undertaking to "beat a car coming up the hill" to the street intersection, it was, nevertheless, his contention that he was endeavoring to pass the truck before it reached the street intersection, as it traveled along a street more than thirty feet wide, and there was nothing to indicate that any such approaching car prevented the way being "clear of approaching traffic." Consequently the charge was not erroneous as misstating the contentions of the plaintiff. The court having previously instructed the jury that the defendant contended that the plaintiff was undertaking to pass the truck at a street intersection in violation of law, the charge given could not have been harmful to the defendant, since it was thereby given the benefit of a contention not made.

6. The evidence, while in sharp conflict, authorized the finding of the jury in favor of the plaintiff, and it can not be here set aside for any reason assigned.        *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1931.   REHEARING DENIED FEBRUARY 28, 1931.

*Ryals, Anderson & Anderson,* for plaintiff in error.
*Jackson & Jackson, Grady Gillon,* contra.