## 23565. HENNEMIER et al. v. MORRIS.

BROYLES, C. J. 1. The operator of a motorcycle has the right to assume that the operator of an automobile will obey a municipal ordinance prohibiting any motor-vehicle from being driven over a "stop" sign, at the intersection of two streets, until after the vehicle is brought to a full stop; and the driver of the motorcycle is not guilty of a want of ordinary care or of contributory negligence in acting on such assumption, unless the circumstances are such as to warn him that the operator of the automobile will probably fail to obey the ordinance. And whether the circumstances are sufficient for such warning is generally a question for the jury. 42 C. J. 971, 972, 973, §§ 699, 701; Pederson v. O'Rourke, 54 N. D. 428 (209 N. W. 798, 800); Klare v. Peterson, 161 Minn. 16 (200 N. W. 817); Kilroy v. Justrite Co., 209 Ill. App. 499; Simonsen v. Christopher Co., 186 Cal. 786 (200 Pac. 615); Elgin Dairy Co. v. Shepherd, 183 Ind. 466 (108 N. E. 234).

2. Under the foregoing ruling and the facts of the instant case, the petition as amended set out a cause of action, and the general demurrers thereto were properly overruled. See *Salmon* v. *Rogers,* 40 *Ga. App.* 73 (149 S. E. 52), and cit.; *Cochran* v. *Kendrick,* 43 *Ga. App.* 135 (158 S. E. 57), and cit.; *Idle Hour Club* v. *Robinson,* 42 *Ga. App.* 650 (157 S. E. 125).

3. The petition as finally amended was not subject to any of the special grounds of demurrer interposed. Several of these grounds are expressly abandoned by counsel for the plaintiff in error in their brief; the defects in the petition, pointed out by other special grounds, were cured by amendment; and the remaining special grounds are without substantial merit.

4. The court did not err in overruling all of the grounds of demurrer to the petition as amended.

*Judgment affirmed. MacIntyre and Guerry, J., concur.*

DECIDED MARCH 29, 1934.

*Ernest J. Haar,* for plaintiff in error.
*Abrahams, Bouhan, Atkinson & Lawrence,* contra.